PAYNE.            If the plaintiff had a right to recover, probably, we would
v.
WHEELER.      allow him to enter a *noli prosequi*, as against the wife, and
take judgment against the husband; but believing the plain-
tiff not entitled to recover, the defendants must have judg-
ment.

                                         Judgment for the defendants.

PAYNE *against* WHEELER.

Where    a      IN ERROR, on *certiorari* to a justice's court.
cause in a jus-
tice's court has     The action in the court below was brought by the defend-
been once ad-
journed by con- ant in error against the plaintiff in error.   On the return of
sent of parties,
a second    ad- the summons, the parties adjourned the cause by consent, and
journment can-
not be granted when they appeared on the adjourned day, the plaintiff below
at the instance
of the plaintiff. requested a further adjournment, and made oath that a mate-
rial witness who had been subpoenaed did not attend.   The
defendant below objected to the adjournment, but the justice
granted it for six days; at the expiration of that time, the
defendant not appearing, the cause was tried, and a verdict
and judgment rendered for the plaintiff below.

*Per Curiam.* In *Dunham* v. *Hayden*, (7 *Johns. Rep.* 381.)
it is said that the only authority to adjourn, unless at the in-
stance of the defendant, is contained in the second section
of the act, and such adjournment must not exceed six days.
In *Kilmore* v. *Sudam*, (7 *Johns. Rep.* 530.) it is held,
that the right of the justice to adjourn a case on his own mo-
tion, must be claimed and exercised, if at all, at the return of
the process; and if the first adjournment is by consent of par-
ties, no subsequent adjournment can be made on the motion
of the justice.   These cases are conclusive to show, that
the second adjournment in the case now before us was with-
out authority, and the judgment must be reversed, which is
much to be regretted, as justice appears to have been done,
and no more has been recovered than the defendant below
admitted to be due.

                                          Judgment reversed.