THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT HARRIS, Appellant.

The provisions of the act to prevent deception in sales of dairy products (Chap. 202, Laws of 1884), which enumerates and defines certain offenses therein mentioned as misdemeanors, and provides (§ 11) that Courts of Special Sessions shall have jurisdiction of all cases arising thereunder, does not give such courts exclusive jurisdiction; but simply grants to them the power to try misdemeanors of which, before its passage, they had no jurisdiction, and all of the offenses so enumerated, which were offenses at the time of the passage of said act, are cognizable by the same tribunals as before.

Although a statute covers the whole subject-matter of an act previously passed, if it omits to repeal the former and expressly declares in its title that it is supplementary thereto, the former act is continued in force so far as it is not repugnant to, and so far as it may be necessary to punish crimes committed before the passage of the later act.

Defendant was indicted and tried at a Court of Oyer and Terminer, in Otsego county, under the said act of 1884 (§ 3), for having, on August 1, 1884, carried and sold to a cheese factory a quantity of milk diluted with water, for the purpose of having it manufactured into butter and cheese. The court was asked but refused to quash the indictment, on the grounds of want of jurisdiction, and that the act under which it was found was repealed by the act of 1885 (Chap. 183, Laws of 1885). *Held*, no error; that the adulteration of milk was made a misdemeanor by the act of 1862 (Chap. 467, Laws of 1862), and so was triable by the same tribunals as before the passage of the act of 1884; also, that while the provisions of the act of 1885 are substantially identical with the similar provisions of the act of 1884, under which the indictment was found, as the later statute in its title expressly declares it was in aid of and supplementary to the prior act, and as there was no express repeal thereof, it was continued in force so far as necessary to punish crimes committed before the passage of the act of 1885; that the omission to repeal indicated the legislative intent to keep the provision alive so far

as to punish offenses provided for, committed while it was the only law
in force.
Also, *held*, that the indictment charged but one offense, and was sufficient
under the provisions of the Code of Criminal Procedure (§§ 275, 276).

(Argued June 10, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made November 26, 1889, which affirmed a judgment of the
Otsego County Oyer and Terminer convicting defendant of a
misdemeanor.

The facts, so far as material, are stated in the opinion.

*E. M. Harris* for appellant.    The Court of Sessions erred
in overruling and disallowing the demurrer to the indictment.
(Code Crim. Pro. § 278 ; *People* v. *Harmon,* 18 N. Y. S. R.
820 ; *People* v. *O'Donnell,* 46 Hun, 358 ; *People* v. *Upton,*
38 id. 107; 15 N. Y. S. R. 141 ; 4 N. Y. Cr. R. 455 ; Whart.
Cr. Pr. [8th ed.] §§ 125, 290 ; Laws of 1884, chap. 202, § 2.)
The grand jury by which the indictment was presented had
no jurisdiction to inquire or present the same, and neither the
Court of Oyer and Terminer nor the Court of Sessions had
jurisdiction to try the same, or of the alleged offense.    (Laws
of 1884, chap. 202; *Rex* v. *Robinson,* 2 Burr. 799 ; *Rex* v.
*Wright,* 1 id. 543 ; *Bank of Attica* v. *M. & T. Bank,* 20
N. Y. 501, 505 ; *Dudley* v. *Mayhew,* 3 id. 9–17; *Chisholm* v.
*N. T. Co.,* 61 Barb. 363, 395 ; *J. & S. P. R. Co.* v. *Morley,*
23 N. Y. 552, 554 ; *Sill* v. *Village of Corning,* 15 id. 306 ;
*People* v. *Shea,* 3 Park. 562 ; *Behan* v. *People,* 17 N. Y. 516 ;
*People* v. *Stevans,* 13 Wend. 341 ; 2 Burr. 798, 803 ; 4 Am.
& Eng. Ency. of Law, 644 ; *Almy* v. *Harris,* 5 Johns. 175.)
Chapter 202 of the Laws of 1884 has been repealed by chapter
183 of the Laws of 1885.    (*People* v. *Jaehne,* 103 N. Y. 182,
195 ; *Hartung Case,* 22 id. 95, 167 ; 25 id. 406.)    Evidence
tending to prove other criminal acts upon the part of the
accused, in order to support probabilities of the evidence that
he committed the particular act charged, is incompetent.
(*People* v. *Gibson,* 29 N. Y. S. R. 59.)

*James A. Lynes* for respondents. The grand jury by which the indictment was found had jurisdiction to inquire and to present the same, and the Court of Oyer and Terminer had jurisdiction to try the same. (Code Crim. Pro. §§ 22, 39, 56; Laws of 1884, chap. 202, § 11; Laws of 1885, chap. 183, § 14; *People* v. *Austin*, 49 Hun, 396, 399.) Selling adulterated milk had been a misdemeanor by statute for a great many years. (Laws of 1862, chap. 467; Laws of 1877, chap. 415; Laws of 1878, chaps. 220, 237; Laws of 1880, chap. 439; Laws of 1882, chap. 214.) The indictment is for a violation of section 3 of chapter 202 of the Laws of 1884. Chapter 202 of the Laws of 1884 was not repealed by chapter 183 of the Laws of 1885. (Potter's Dwarris on Stat. 155; *Hawkins* v. *Mayor, etc.*, 64 N. Y. 21; *People ex rel.* v. *Crissey*, 91 id. 632; *Wallace* v. *Bassett*, 41 Barb. 92.) The provision of the act of 1884 (§ 3, chap. 202, Laws of 1884), which is re-enacted in section 3 of chapter 183 of the Laws of 1885, which prohibits the selling or bringing of any milk diluted with water or adulterated to a butter or cheese manufactory to be manufactured, and declares a violation of the prohibition to be a misdemeanor, is a valid exercise of legislative power. (*People* v. *West*, 106 N. Y. 293; *Duryee* v. *Mayor, etc.*, 96 id. 477.) The demurrer to the indictment upon the alleged ground that more than one crime is charged in the indictment was properly overruled. (Code Crim. Pro. § 280; *Commonwealth* v. *Adams*, 1 Gray, 482; *People* v. *Stocking*, 50 Barb. 574; 1 Bishop on Crim. Pro. § 390; *Hampton* v. *State*, 8 Ind. 336; *Hardebeck* v. *State*, 10 id. 459; Code Crim. Pro. §§ 284, 323; *People* v. *West*, 106 N. Y. 293; *People* v. *Peck*, 2 N. Y. Cr. R. 314; 9 N. Y. 650; Code Crim. Pro. § 285; *People* v. *West*, 106 N. Y. 293.) The place of the commission of the crime was sufficiently proved upon the trial herein. (1 R. S. [7th ed.] 255, § 34; *People* v. *Breese*, 7 Cow. 430; *Vanderwerker* v. *People*, 5 Wend. 531; *Wood* v. *People*, 1 Hun, 384; 59 N. Y. 117; *Lenehan* v. *People*, 3 Hun, 167; *People ex rel.* v. *Callahan*, 23 id. 582.)

RUGER, Ch. J. The defendant was indicted under section 3, chapter 202, Laws of 1884, at a Court of Oyer and Terminer, in Otsego county, of the crime of carrying and selling to a cheese factory at Garrattsville, in said county, on the 3d and 4th days of August, 1884, a quantity of milk diluted with water, for the purpose of having it manufactured into butter and cheese. He was subsequently tried at a Court of Oyer and Terminer, and convicted of the offense charged in the indictment. The judgment entered upon the conviction was thereafter affirmed by the General Term, and from that judgment the defendant has appealed to this court, alleging various grounds of error. Those which are the most strenuously urged on this appeal are: (1) That, under the act referred to, Courts of Special Sessions have exclusive jurisdiction of the crimes described therein, and it was, therefore, error to indict and try the defendant at a Court of Oyer and Terminer; and (2) that the statute of 1884 was repealed by chapter 183 of the Laws of 1885, and the penalties imposed for violations of the act of 1884, therefore, did not survive such repeal.

The appellant's argument on the first point proceeds upon the theory that the offense described in the third section of the act did not previously exist, either by statute or at common law, and that the statute having created a new offense and designated a special tribunal and mode of prosecution for its punishment, no other mode of trial could lawfully be pursued.

There can be no doubt as to the general correctness of the rule referred to by the appellant's counsel, but he errs in the application made of it to this case. The facts of the case do not bring it within the operation of the rule. Here no new offense has been created, neither is any special tribunal pointed out or mode of trial prescribed for the offense described in the statute. The adulteration of milk was made a misdemeanor by chapter 467 of the Laws of 1862, and since that time such offense has been punishable by indictment, and triable both at Courts of Sessions and Oyer and Terminer, as such courts might determine. The act of 1884 embraced in its provisions that offense, with numerous others theretofore existing, and

assumed to collect and express in comprehensive language all of the various offenses which might be committed by persons engaged in dealing in the products of dairies and other employments connected therewith. It enumerated and defined such offenses in eight separate sections, and declared in each section that the various acts, respectively, therein described constituted misdemeanors, punishable, upon conviction, by fine and imprisonment. No special mode of prosecuting such offenders was prescribed by the act, but that subject was left wholly to the operation of the general rules of criminal law applicable to such cases. By the eleventh section of the act it was provided that " Courts of Special Sessions shall have jurisdiction of all cases arising under this act, and their jurisdiction is hereby extended so as to enable them to enforce the penalties imposed by any or all of the sections hereof."

We do not see in this section any intention on the part of the legislature to give such courts exclusive jurisdiction of the offenses therein described, and it is plainly evident that the section quoted was simply intended to authorize the prosecution of such offenses before that tribunal. Such courts possess a limited jurisdiction only, and by express constitutional provision, have authority to try offenses of the grade of misdemeanors, only when specially empowered to do so by law. (N. Y. Const. § 26, art. 6.) By the then existing statutes, those courts had no power to try offenders for a violation of the crime defined in section 3 of the act of 1884, and this qualifying provision was necessary to enable them to entertain jurisdiction of such cases. (*People* v. *Austin*, 49 Hun, 396.) There was no intent indicated by the language or reason of the act, to exclude Courts of Sessions and Oyer and Terminer from exercising the jurisdiction, in such cases, given to them by the general provisions of criminal law and which they had theretofore been accustomed to exercise. The intent plainly was to confer jurisdiction also upon a special court, not to take it away from those which prior thereto had been authorized to try and determine such offenses. Neither do we think that the provisions of the act of 1884 were repealed by the

later act of 1885. This question is to be determined by a reference to the intent of the legislature in enacting the later statute. The statute of 1885 contains no provision expressly repealing the act of 1884, although it does provide in express terms for the repeal of many prior statutes, which were apparently superseded by the later act. Such repeal must, therefore, be effected by implication alone, if it is to be deemed established at all. Such repeals are not favored, in the law, and are not to be considered as intended, unless there is a clear repugnancy in the provisions of the respective statutes, or an obvious design revealed to supersede the provisions of the prior statute, leaving it no office to perform. That there is no repugnancy in these acts is apparent by a comparison of the two sections of the respective acts defining the crime charged in the indictment. Section 3 of the act of 1885, is substantially and almost literally a re-enactment of section 3 of the act of 1884 and the act itself is expressly stated in its title to be " supplementary to and in aid of chapter two hundred and two of the laws of eighteen hundred and eighty-four."

It is obvious, in the face of this express declaration of legislative intent, that there was no design on the part of the law makers to nulify or repeal the provisions of the act of 1884, except so far as subsequent crimes might be affected. While section 3 of the act of 1884 had no office to perform after the enactment of the law of 1885, except to affect those offenses which were committed while it was the only law in force, yet it was entirely competent for the legislature to keep it alive for that purpose, and the omission to repeal it was, we think, intended to leave offenders against it (if any such they were) to be prosecuted and punished in accordance with its provisions. The general rule that a later statute not purporting to amend a former one and covering the whole subject, and plainly intended to furnish the only law upon the subject, repeals former statutes by implication, would undoubtedly cover this case were it not for the explicit declaration of the legislative intent to preserve provisions of the former statute. (*Heckmann* v. *Pinkney*, 81 N. Y. 211.) No implication of a design by the legisla-

ture to repeal a former statute can be indulged, in the face of an express declaration in the later statute of a contrary intent, and it must, therefore, be held that the act of 1884 continued in force, so far as it may be necessary to punish crimes committed under it.

The indictment described but one offense and was clearly sufficient, within the liberal provisions of sections 275 and 276 of the Code of Criminal Procedure, to define the crime provided for by section 3 of the act of 1884. The evidence was ample to sustain the charges of the indictment and rendered any other result on the trial than a verdict of guilty clearly inappropriate.

We have examined other exceptions taken on the trial, but find none worthy of serious consideration.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.