DEMPSTER C. AUSTIN, Respondent, *v.* CHARLES C. VROOMAN et al., Appellants.

Where, in the course of proceedings before a justice of the peace, which he was forced to entertain and in which he had jurisdiction of the subject-matter and acquired jurisdiction of the person of one charged with an offense, a question is presented as to whether, on account of certain steps taken, the justice has authority to proceed further, which question is dependent upon the construction of a statute, and he, in

good faith, erroneously decides that he has authority to and does proceed, the error is simply one of judgment upon a question of law, and the justice is not responsible therefor in a civil action.

In an action for false imprisonment it appeared that the defendant V. appeared before the defendant C., a justice of the peace, and made a sworn complaint against the plaintiff, charging him with supplying diluted milk to a butter factory in violation of the act of 1885 (Chap. 183, Laws of 1885), which makes such an act a misdemeanor. C. issued a warrant. Plaintiff was arrested, and on being arraigned pleaded not guilty; he waived a preliminary examination and offered bail for his appearance before the next grand jury. The district attorney, who appeared for the people, claimed that the justice had exclusive jurisdiction. The offer was overruled, and plaintiff thereupon demanded a jury, which was summoned; he was tried, found guilty on the trial, sentenced to pay a fine, and to be imprisoned until it was paid, not to exceed ninety days; and thereupon he was taken to and confined in the county jail until his discharge was procured. The conviction was affirmed by the Court of Sessions of the county, but was reversed by the General Term. *Held*, that while C. erred in trying plaintiff after his offer of bail, he did not render himself liable in damages, and that the complaint was properly dismissed.

The distinction between such a case and one where the justice proceeds without jurisdiction of the subject-matter and the person, pointed out. *Woodward* v. *Paine* (15 Johns. 492); *Lange* v. *Benedict* (73 N. Y. 12), distinguished.

(Submitted June 8, 1891; decided October 6, 1891.)

A̲PPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 28, 1890, which reversed a judgment, entered upon a decision of the court on trial at Circuit, in favor of defendants and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. A. McConnell* for appellant Vrooman. It was no error on the part of the justice to require the defendant to submit to trial in the Court of Special Sessions. (Laws of 1885, chap. 183, § 3; *People* v. *Kennedy*, 2 Park. 316; *Hill* v. *People*, 20 N. Y. 369; *People* v. *Dutcher*, 83 id. 243; Laws of 1886, chap. 593; Code Crim. Pro. §§ 39, 56, 57; *Aldrich*

v. *Hawkins,* 6 Blackf. 125; *Schueler* v. *Reimar,* 118 N. Y. 61; *Johnston* v. *N. Y. C. & H. R. R. R. Co.,* 49 id. 445.) The justice acted judicially in deciding the question presented upon the plaintiff's application. '(*Waldheim* v. *Sichel,* 1 Hilt. 45 ; *Cambell* v. *Ewalt,* 7 How. Pr. 399; *Adams* v. *Freeman,* 9 Johns. 117; *Taylor* v. *Trask,* 7 Cow. 249 ; *Beaty* v. *Perkins,* 6 Wend. 382; *Barker* v. *Stetson,* 7 Gray, 53; *Nowak* v. *Woller,* 31 N. Y. S. R. 458; *Landt* v. *Helts,* 19 Barb. 283 ; *Marks* v. *Townsend,* 97 N. Y. 590; *Fischer* v. *Langbein,* 103 id. 85; *Hallock* v. *Dominy,* 69 id. 238 ; *Lewis* v. *Rose,* 6 Lans. 206; *Kenner* v. *Morrison,* 12 Hun, 204; *Lange* v. *Benedict,* 8 id. 362; 73 N. Y. 12; *Ayers* v. *Russel,* 50 Hun, 282; *Scott* v. *Ely,* 4 Wend. 555.) Plaintiff's exceptions are untenable. (*Ketchem* v. *Fox,* 52 Hun, 284; *Markson* v. *Townsend,* 97 N. Y. 590 ; *Stewart* v. *Hawley,* 21 Wend. 552; *Cuyler* v. *McCartney,* 40 N. Y. 221; *Wilson* v. *O'Day,* 5 Daly, 354.) The plaintiff at the trial not only entirely failed to make out a cause of action for malicious prosecution, but he voluntarily abandoned such a cause of action. (*Marks* v. *Townsend,* 97 N. Y. 590; *Farnam* v. *Feeley,* 56 id. 451; *Thaule* v. *Kreckeler,* 81 id. 428 ; *Miller* v. *Deere,* 2 Abb. Pr. 1 ; *Burt* v. *Place,* 4 Wend. 591 ; *Haupt* v. *Pohlman,* 16 Abb. Pr. 301; *Palmer* v. *Avery,* 41 Barb. 290.)

*Watson M. Rogers* for appellant Chase. The justice had jurisdiction to entertain the information and issue the warrant for plaintiff's arrest. (Laws of 1885, chap. 183, § 14; *People* v. *Austin,* 49 Hun, 396.) A justice of the peace has general original jurisdiction to apprehend and examine all persons charged with crime against the state. (2 R. S. 706, §§ 56, 147; *Hunt* v. *Hunt,* 72 N. Y. 230 ; 74 id. 406; *King* v. *Pool,* 36 Barb. 242; *Miller* v. *Adams,* 7 Lans. 131; 52 N. Y. 409; *Nowak* v. *Waller,* 10 N. Y. Supp. 199; *Stewart* v. *Hawley,* 21 Wend. 552; *Bocock* v. *Cochran,* 32 Hun, 521 ; *Hallock* v. *Dominy,* 69 N. Y. 238.) A judge is exempt from a civil suit or indictment for any act done or omitted to be done by him sitting as a judge. (*Yates* v. *Lansing,* 5 Johns.

282; *Lange* v. *Benedict*, 73 N. Y. 432; *Harmon* v. *Brotherson*, 1 Den. 537; *Landt* v. *Helts*, 19 Barb. 283; *Clark* v. *Holbridge*, 58 id. 61; *Minnehan* v. *Thomas*, 9 Wkly. Dig. 32; *Kennar* v. *Morrison*, 12 Hun, 204; *Ayers* v. *Russell*, 50 id. 283; *Day* v. *Bach*, 87 N. Y. 56; *Marks* v. *Townsend*, 97 id. 590; *Evarts* v. *Shead*, 102 id. 297; *Fischer* v. *Langbein*, 103 id. 84; *Mostyn* v. *Fabrigas*, Cowp. 172; 1 Smith's L. C. 765; *Calder* v. *Halket*, 3 Moore, 28.) There was no such demand by the plaintiff for a trial after indictment and offer of bail as to put the justice in the wrong and oust him of jurisdiction. (Code Crim. Pro. § 211.) No error was committed in requiring the plaintiff to elect which cause of action he would claim under. (*Nebenzall* v. *Townsend*, 10 Daly, 232.)

*Wm. H. Gilman* for respondent. The defendant Chase had no jurisdiction to try plaintiff. (*Hill* v. *People*, 20 N. Y. 363–369; Code Crim. Pro. § 56; *People* v. *Austin*, 49 Hun, 396; *People* v. *Harris*, 123 N. Y. 70; 49 Hun, 396.) A Court of Special Sessions is a court of special and limited jurisdiction. (*Lange* v. *Benedict*, 73 N. Y. 34; *Yates* v. *Lansing*, 5 Johns. 289; *Randall* v. *Brigham*, 7 Wall. 523; *Wadsworth* v. *McCullough*, 10 Johns. 93; *Bigelow* v. *Stearns*, 19 id. 39; *Case* v. *Shepard*, 2 Johns. Cas. 27; *Warner* v. *Perry*, 14 Hun, 337; *Mygalt* v. *Washburn*, 15 N. Y. 316–321; *Doyle* v. *Russell*, 30 Barb. 300.) The refusal of defendant Chase to permit plaintiff to have a trial after the intervention of a grand jury, was not a judicial error. It was a jurisdictional defect that rendered the subsequent proceedings entirely void. (*People* v. *Austin*, 49 Hun, 396; Code Crim. Pro. §§ 56, 211; *Tracy* v. *Seamans*, 7 N. Y. S. R. 144; *Fischer* v. *Langbein*, 103 N. Y. 84; *Gordon* v. *Longest*, 16 Pet. 104; *Striker* v. *Mott*, 6 Wend. 467; *Case* v. *Shepard*, 2 Johns. Cas. 27.) It was not necessary for plaintiff to make out and actually tender a bond for his appearance before the grand jury. (*Blewett* v. *Baker*, 58 N. Y. 611; *Haynor* v. *A. P. L. Ins. Co.*, 69 id. 435; *Lawrence* v. *Miller*, 86 id. 131; *Cornwell* v. *Haight*, 21

id. 462; Code Crim. Pro. § 211.) The defendant Vrooman is equally responsible with the defendant Chase. (*Day* v. *Bach*, 87 N. Y. 56; *Fischer* v. *Langbein*, 108 id. 84; *Miller* v. *Adams*, 52 id. 409.) It was not incumbent upon plaintiff to show a lack of jurisdiction. The jurisdiction of a court of limited jurisdiction must be established by the one seeking justification under its act. Its jurisdiction is never presumed. (*People ex rel.* v. *Warden,* 100 N. Y. 26; *Adams* v. *S. & W. R. R. Co.*, 10 id. 328; Const. N. Y. art. 1, § 6.)

PECKHAM, J. The defendant Chase was a justice of the peace in Jefferson county, and the defendant Vrooman, in August, 1887, appeared before him and made a sworn complaint against the above plaintiff, charging that he supplied to a certain butter manufactory diluted milk, etc. The justice issued a warrant for the arrest of the plaintiff upon such complaint, and he was thereupon arrested and brought before the justice. The offense charged against the plaintiff was a violation of chapter 183 of the Laws of 1885, which was a misdemeanor. The plaintiff, when arraigned before the justice, pleaded not guilty. The district attorney appeared for the People. The record shows that the plaintiff waived a preliminary examination and offered to give bail for his appearance at the next grand jury of Jefferson county. The justice overruled the offer. The plaintiff then demanded a jury, which was summoned, the case was tried and the plaintiff found guilty and sentenced to pay a fine of $100 and to be imprisoned until it was paid, not to exceed ninety days. He was thereupon taken by a constable to the county jail and was there in confinement from early in the morning until some time in the afternoon, when his counsel procured his discharge. The case was taken to the Court of Sessions of Jefferson county, where the conviction was affirmed, but upon appeal to the General Term of the Supreme Court, it was reversed and the plaintiff discharged, upon the ground that after the plaintiff had offered to give bail to the grand jury, the justice should have accepted it, and that he erred in then deciding to

try the plaintiff. The plaintiff commenced this action for false imprisonment and malicious prosecution, and upon the trial he abandoned the latter ground and sought to recover for the false imprisonment.

Upon these facts the trial court nonsuited the plaintiff and upon appeal the judgment of nonsuit was set aside and a new trial granted by the General Term, and from the order granting the new trial the defendants appeal here, giving the usual stipulation for judgment absolute in case the order be affirmed. The plaintiff contends that upon his arraignment he had the option to submit to a trial before the justice, or to demand a trial by jury after indictment, and if he chose the latter it was the duty of the justice to hold him to answer the charge before a court having the authority to inquire by a grand jury in regard to the alleged offense. Having elected, as he says, to give bail, the justice was bound to accept it if sufficient, and he had no longer any jurisdiction over the subject-matter or over the plaintiff's person, and the proceedings of the justice were thereafter wholly without jurisdiction, and he and all else concerned therein were liable in damages to the plaintiff.

The right of the justice to proceed depends upon the construction given to the statute of 1885 above mentioned. If that statute gave exclusive jurisdiction to a Court of Special Sessions to try alleged offenders against its provisions, then the justice was right in his decision to try the plaintiff, notwithstanding his demand to be held to bail to the next grand jury.

Section 14 of the act provides that " Courts of Special Sessions shall have jurisdiction of all cases arising under this act, and their jurisdiction is hereby extended so as to enable them to enforce the penalties imposed by any or all sections thereof." The proper construction to be given this section is not now an open question. In *People* v. *Harris* (123 N. Y. 70) we have held that exclusive jurisdiction was not conferred upon Courts of Special Sessions by such language. This decision had not been made when the justice proceeded to try the plaintiff. As the statute did not confer this exclu-

sive jurisdiction upon Courts of Special Sessions, the justice was bound by the provisions of section 211 of the Code of Criminal Procedure, which directs the magistrate, when the person accused is brought before him, to inform him of his right to be tried by a jury after indictment, and in case he shall elect to be so tried the magistrate can only hold him to answer to a court having authority to inquire, by the intervention of a grand jury, into offenses triable in the county.

We think the plaintiff complied in substance with the provisions of that section when he pleaded not guilty and waived preliminary examination and offered to give bail for his appearance at the next grand jury of Jefferson county. There can be no room for any doubt that the plaintiff did by this language ask to be tried by a jury after indictment. It was the duty, therefore, of the justice to have taken bail and proceeded no further.

In trying the plaintiff, and, upon his conviction, committing him to prison, has the justice rendered himself liable in damages to the plaintiff? He did erroneously decide that he had the right to try the plaintiff, notwithstanding his demand, but has such erroneous decision rendered him as to all future acts a trespasser? The answer depends upon a matter of jurisdiction. It is not a question of jurisdiction to proceed with the trial, notwithstanding the demand, but it is a question of jurisdiction to decide whether he has or has not that right. Manifestly he does not, as a matter of law, acquire jurisdiction to proceed by deciding that he has it, but, being confronted with the question of jurisdiction, has he the power to decide it so far that his erroneous decision that he has it, exempts him from liability on the ground that he has only made a judicial error or an error of judgment upon a question of law which he was bound to decide?

In such a case as this it must be remembered that the justice had, in the first instance at all events, jurisdiction of the subject-matter, viz.: The inquiry into alleged offenses against the provisions of this act, and the trial of alleged offenders. He also had jurisdiction of the person of the plaintiff. Full juris-

diction had thus been confided to the justice over subject-matter and person at the time when the plaintiff was arraigned before him. In the absence of a proper demand and the giving of sufficient bail it was the duty of the justice, and his jurisdiction continued, to try the accused. This would seem to be a case where, jurisdiction having thus attached, the decision of the justice to try the plaintiff was only an erroneous exercise of such jurisdiction. It is unlike the case where jurisdiction has never been conferred, and the justice decides to exercise a power that he does not and never did possess. Here, in the course of proceedings which he, was forced to entertain, and in the case of one over whose person he has properly acquired jurisdiction, the justice is confronted with the necessity of deciding a question depending upon the construction to be given to a statute, and that question must be decided by him one way or the other before he can take another step in those proceedings which, up to that moment, have been legally and properly pending before him, and over which he has had full and complete jurisdiction. It seems plain that his decision upon the question is one in the course of a proper exercise of the jurisdiction first committed to him, and that his error in deciding that he had jurisdiction to proceed was an error of judgment upon a question of law, and that he is, therefore, not responsible for such error in a civil action. It is unlike the case where a justice of the peace proceeded to try a civil action for assault and battery. (*Woodward* v. *Paine*, 15 John. 492.) The justice never had in such case obtained jurisdiction over the subject-matter and he could not obtain it by deciding that he had it. The case falls under the principle of law that where a judge never has had jurisdiction over the subject-matter, he acts as a trespasser from the beginning in assuming it, and his decision that he has it is no protection to him. I know it was stated in *Gordon* v. *Longest* (16 Peters, 97), in a case where the defendant took the proper steps to remove an action brought against him in the state court to the United States court and where the judge of the state court persisted, notwithstanding those steps in trying the cause, that every step

subsequently taken by the state court in the exercise of jurisdiction was *coram non judice.* Yet in such a case the question is put whether the state judge would be liable for proceeding with the case in the honest exercise of his judgment. (*Lange* v. *Benedict,* 73 N. Y. 12 at 36.) And in a case where a plea of title to real estate is put in before a justice of the peace, which ousts him of jurisdiction, would the justice be liable in case he erroneously decided that he continued to have jurisdiction? This question is also put in the course of the opinion in the case of *Lange* v. *Benedict* (*supra*) and with, as I think, a leaning on the part of the learned judge toward the position of non-responsibility. The jurisdiction existed in both cases at one period and it was on account of the steps taken in the course of the proceedings in the cases that the court or judge was called upon to say whether his jurisdiction had ceased or not. It seems to me that the erroneous decision of that question did not render the judge liable in either case. Unless the proper steps were taken the judge had power in each case to proceed and try it, and so, although the application to remove is properly made, it is addressed to the legal discretion of the judge upon the papers presented and a question of law is presented for him to decide. His erroneous decision, while conferring no jurisdiction upon him, is still such a judicial determination of a matter already properly pending before him and over which up to that moment he had jurisdiction, that he must be protected from a civil action in regard to it.

It has been held (*Butler* v. *Potter,* 17 Johns. 145) that where a justice entered judgment for more than $5 costs, when the statute prohibited judgment for more than that sum for costs, the judgment was voidable but not void. The justice had jurisdiction to give judgment for some amount, and hence his decision to give it for more than the statute allowed was not void. The case of *Prigg* v. *Adams* (2 Salk. 674) was cited as sustaining the principle. The judgment in that case was declared to be void as in violation of an act of parliament because rendered in a case arising in Bristol, where the act provided that in such a case no judgment should be entered in

a court of Westminster for less than a certain sum, and this judgment was for less. The defendant, an officer, took the plaintiff on a *ca sa* issued on the judgment, and it was held that the same was a protection to the officer. See, also, *Clark* v. *Holdridge* (58 Barb. 61).

So it has been held that granting an adjournment to the plaintiff in a Justice's Court in a case where by law he was not entitled to it, acted as a discontinuance and that the case, as between the parties, was out of court and the justice had no jurisdiction to proceed further. (*Proudfit* v. *Henman*, 8 Johns. 391.) In such case the justice, notwithstanding the adjournment, assumed to retain jurisdiction and rendered judgment and issued execution and defendant's property was sold under it. It was held that the justice was not liable as a trespasser. It was said the court had jurisdiction over the parties and over the question of adjournment, and although he had in reality no legal power to grant the adjournment, and the case was thereby discontinued as between the parties and any judgment thereafter rendered liable to be reversed, yet the justice was not liable because his decision to grant the adjournment, although in a case where he legally had no power, was yet an error of judgment and he was not liable because he had jurisdiction and was called upon to decide. (*Horton* v. *Auchmoody*, 7 Wend. 200.)

So in the case *In re Faulkner* (4 Hill, 598), it was held that in order to give jurisdiction to the officer to whom an application is made for a warrant against a person as an absconding or a concealed debtor, the affidavits of the two witnesses required by 2 R. S. 3, § 5, must state facts, and mere *information and belief will not answer.* And yet in *Harman* v. *Brotherson* (1 Denio, 537), the affidavit stated the facts only on information and belief, and it was *held* that though insufficient to sustain the order to hold to bail against a motion to set it aside, it protected an officer making the arrest against an action for false imprisonment. The court said it was a case where, upon proper proof, an order to hold to bail might be made. The officer had jurisdiction of the matter and acted

judicially in making the order, and it was clear he could not be made answerable as a trespasser for an error in judgment.

In *Stewart* v. *Hawley* (21 Wend. 552), the case arose upon the statute in regard to the observance of the Sabbath, which prohibited servile laboring or working on that day. The defendant, who was a magistrate, issued his warrant for the arrest of the plaintiff upon a complaint charging that he was on the Sabbath day personally engaged in circulating a memorial to the legislature at its next session, and upon proof made of that fact on the trial, the plaintiff was convicted of a violation of the statute. The plaintiff brought this action of trespass to recover damages, but the court held that when complaint was made the defendant was bound to entertain it and exercise his judgment on it, and whether the facts disclosed show *prima facie* a violation of the statute was a question of law for the erroneous decision of which the defendant was not liable; that he had jurisdiction to try a person for a violation of the law, and he was, therefore, compelled to decide in a case where jurisdiction over the subject-matter belonged to him.

Other cases of a somewhat similar import are cited in the learned opinion of Mr. Justice HARDIN in the court below.

We are inclined to think that this was not a case for holding the magistrate liable to an action on the part of the plaintiff in the nature of a trespass to recover damages for his illegal imprisonment.

In this case there seems to have been no question but that the justice in all that he did, acted in entire good faith.

The district attorney appeared for the people before the magistrate, and contended that the magistrate had exclusive jurisdiction to try the case under the particular statute. The justice so decided. The Court of Sessions of Jefferson county upon appeal concurred in that construction of the statute, and although the General Term of the Supreme Court came to a different conclusion, in the correctness of which we concur, it is yet manifest that there was at least color for different constructions of the terms of the act. It would be a pretty hard rule which under such circumstances should hold a magistrate

liable to be cast in damages for an honest mistake in judgment upon a question of law in a proceeding over which he had jurisdiction up to the moment when he was called upon to decide the question. It seems to us there is no public policy which demands such a measure of liability on the part of inferior magistrates, and we think we are not overruling any case in this or in the old Supreme Court. The rule is clear enough, but in this as in so many other cases the difficulty consists in its proper application.

We have, as we believe, properly applied it in this case.

We have also looked at the other questions appearing in the record, the exceptions of the plaintiff taken on the trial, and the rulings of the court thereon, and we think no error was committed calling for a new trial.

The order of the General Term granting a new trial should, therefore, be reversed and the judgment of nonsuit affirmed, with costs to the defendants in all courts.

All concur.

Order reversed and judgment affirmed.