### STARRETT v. CONNOLLY.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

1. CRIMINAL LAW (§ 90*)—JURISDICTION—MAGISTRATE'S COURT.

Laws 1910, c. 659, § 41, gives the Court of Special Sessions for New York City exclusive jurisdiction of all charges of misdemeanors, save libel, while section 72 gives the city magistrate, who has power and jurisdiction to examine one accused of a misdemeanor and to determine whether there was reasonable cause to hold him to trial, jurisdiction to fix punishment on a plea of guilty to a charge of a violation of the law for the prevention of cruelty to animals, and so where one charged with a violation of Penal Law (Consol. Laws 1909, c. 40) § 185, making cruelty to animals a misdemeanor, is arraigned before a city magistrate and pleads not guilty, the magistrate has jurisdiction to hold an examination to determine whether there is reasonable cause to hold accused for trial, but he has no jurisdiction to try accused and assess his punishment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 129–136; Dec. Dig. § 90.*]

2. FALSE IMPRISONMENT (§ 4*) — DEFENSES — ACTS OF JUDICIAL OFFICERS — WANT OF JURISDICTION.

Where a magistrate having jurisdiction to hold an examining trial attempted to try one accused of a misdemeanor, and though without jurisdiction, sentenced him to imprisonment, the magistrate is not liable in a civil action for false imprisonment, where he did not act maliciously.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 16; Dec. Dig. § 4.*]

Appeal from Special Term, Kings County.

Action by Howard S. Starrett against Maurice E. Connolly. From an order denying his motion for judgment on the pleadings (134 N.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Y. Supp. 830), defendant appeals. Order reversed and motion granted, with leave to plaintiff to amend his complaint.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

J. Edward Murphy, of New York City, for appellant.

Rolland R. Rasquin, of New York City, for respondent.

CARR, J. [1] The defendant appeals from an order denying his motion for judgment against the plaintiff on the pleadings. The action was brought to recover damages for false imprisonment. The defendant was a city magistrate in the borough of Queens. The plaintiff was arraigned before him on a charge of having violated section 185 of the Penal Law (Consol. Laws 1909, c. 40). The warrant on which the plaintiff was brought into court had been issued by the defendant. He pleaded not guilty and thereafter an examination was had, at the close of which the defendant adjudged the plaintiff guilty of the charge, and imposed a fine of $100, and committed him to the county jail for a period of 20 days. The plaintiff was confined under said commitment for several days, but was thereafter discharged from custody. The plaintiff claims damages for said imprisonment as being unlawful and as having been made under a judgment and commitment which the defendant had no official power or jurisdiction to make.

As a city magistrate, the defendant had power and jurisdiction to hold an examination of the charge made against the plaintiff, and to determine whether there was reasonable cause to hold him for trial. The offense complained of was a misdemeanor, of which, in the city of New York, the Court of Special Sessions had exclusive power to try, determine, and impose a punishment. Chapter 659 of the Laws of 1910, § 41. The city magistrate, however, had power to impose a penalty "upon a plea of guilty to a charge of violation of the motor vehicle law, first offense, or of a violation of any law for the prevention of cruelty to animals." Id. § 72. In proceeding, therefore, to adjudge the plaintiff guilty of the charge and in imposing a punishment, the defendant exceeded his jurisdiction, and acted unlawfully. The complaint does not show that the plaintiff challenged before the defendant the exercise of jurisdiction by the defendant, nor does it allege that the defendant acted maliciously in what he did.

[2] The excess of jurisdiction is clear, but the question whether the defendant is liable civilly to the plaintiff is not altogether free from doubt. There are many cases to be found in the books in which magistrates of inferior courts have been held civilly liable for damages for false imprisonment resulting from official action without jurisdiction; but in these cases it will be found that the magistrate never had lawful jurisdiction of the person of the defendant nor of the subject-matter of the criminal proceeding. Such is the recent case of McCarg v. Burr, 186 N. Y. 467, 79 N. E. 715. There a justice of the peace issued a warrant for the arrest of an alleged offender said to have committed a penal offense in an adjoining town. By the statute which gave the justice power to issue a warrant, it

was provided that the warrant should be returnable before a justice in said adjoining town. Notwithstanding this, it was made expressly returnable before the justice who issued it, and this justice, against the objection of the defendant, proceeded to try the charge, and made a determination of the prisoner's guilt and inflicted a punishment. It was held that the justice was liable civilly for damages, inasmuch as his warrant was a legal nullity, and he therefore never had lawful jurisdiction of the person of the prisoner nor the subject-matter of the proceeding. Where, however, a magistrate had acquired lawful jurisdiction of the person of the prisoner and of the subject-matter of the charge, but had become divested of jurisdiction by some subsequent step in the proceeding, but proceeded beyond his jurisdiction in making a determination and in imposing a punishment, he has been held exempt from civil liability unless he had acted maliciously. Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 477, 14 L. R. A. 138; Kraft v. De Verneuil, 105 App. Div. 43, 94 N. Y. Supp. 230. The rule is that, whenever a magistrate has jurisdiction of the subject-matter and lawful jurisdiction of the person of the alleged offender, he does not become civilly liable for a judicial error in the proceeding by which he determines that he has jurisdiction to do some further act therein Austin v. Vrooman, ut supra. The complaint in this action contains no allegations challenging the sufficiency of the warrant upon which the plaintiff was brought before the defendant. Therefore, apparently, the defendant had jurisdiction both of the person of the plaintiff as well as of the subject-matter, for the offense charged was cognizable by a city magistrate up to a certain point. The defendant pleaded not guilty, and thereby became entitled to an examination before the magistrate. In holding this examination the magistrate was still within his jurisdiction. If he determined that there was reasonable cause to believe the defendant guilty, then his further conduct was prescribed by the statute. His mistake was that in proceeding up to a certain point with full jurisdiction of person and subject matter he nevertheless through judicial error went beyond his jurisdiction, and in determining between two courses, of one of which he had jurisdiction, he proceeded, however, upon another course as to which he had no jurisdiction whatever. If this was a malicious act, then he should be liable civilly. If it was a judicial error simply, then no civil liability should attach. We think, therefore, that the complaint as framed does not state a good cause of action.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the respondent to amend his complaint on payment of costs, as above prescribed, within 20 days. All concur.