Appeal from a judgment of the Court of Claims dismissing appellant’s claim for damages for false imprisonment. Claimant’s proof was insufficient to establish that his detention from the time of his arrest to the time he was taken for transfer to the Schenectady County Home on January 23, 1943, constituted false imprisonment. For aught that appears such period of detention was occasioned by his lawful arrest. His further detention while mi route to and while confined at the Schenectady County Home, was not false imprisonment because the Justice of the Peace who ordered and directed it had general jurisdiction to cause him to be further detained for an examination as to his sanity. (Code Grim. Pro., § 870.) Any error the Magistrate may have made in the exercise of his jurisdiction, whether in the issuance of proper process or decision of means, manner, or method in accomplishment of the objective which was within his jurisdiction, did not constitute false imprisonment or render any ministerial officer or employee of the State liable for false imprisonment because they obeyed directions for its execution. (Lange V. Benedict, 73 N. Y. 12; Fischer V. Langbein, 103 N. Y. 84; Austin v. Yrooman, 128 N. Y. 229. See, also, Percival v. Jones, 2 Johns. Gas. 49; Savacool V. Boughton, 5 Wend. 170; Parker v. Walrod, 16 Wend. 514, 518.) Despite the procedural requirements which then obtained (L. 1939, ch. 861, § 2), we consider that the Magistrate had inherent power to order or continue a detention for an examination to determine whether the more elaborate and formularized inquiry should be had. (People v. Bandazzo, 179 Mise. 127, 130; People V. Pershaec, 172 Mise. 324, 333-337.) Claimant’s other period of detention while en route from the county home, in custody of the State trooper, for formal arraignment before the Magistrate, had jurisdictional sanction under claimant’s original arrest and also under the warrant of arrest which subsisted, which had theretofore been jurisdictionally issued and had not been spent. Judgment affirmed, with costs to respondent. Brewster, Foster and Bussell, JJ., concur; Hill, P. J., and Heffeman, J., dissent and vote to reverse.