Dorothea E. Donaldson, J.
Claimant seeks damages for false imprisonment. The Attorney-General moves to dismiss the claim on the grounds that claimant has failed to state a cause of action and this court lacks jurisdiction of the subject matter.
Claimant was indicted by the Kings County Grand Jury on October 30, 1959 on one count of manslaughter in the first degree and two counts of assault in the second degree. The victim’s death was allegedly caused by claimant’s stabbing him with a knife. Claimant was tried without a jury and convicted of manslaughter and assault on November 22, 1960. The Court of Appeals on May 29, 1963 reversed the lower court and dismissed the indictment (13 N Y 2d 690). Claimant was released on August 6, 1963. The claim, as filed, states the period from November 22, 1960 to August 6, 1963 encompasses the time claimant allegedly had been falsely imprisoned.
The Attorney-General’s moving papers contained a demand pursuant to CPLR 2214 (subd. [b]) requiring answering affidavits to be served at least five days before the return date of the motion, on which date the motion was adjourned for a period of one week. The claimant failed to comply with the demand and submitted an affidavit in opposition to the motion subsequent to the adjourned return date. The Attorney-General refused the affidavit. The court agrees that the r.eftisal was justified because the practice of permitting service of affidavits on or after the return date of the motion under these circumstances *741 emasculates the provisions of the CPLB. and the distinction between 10-day and 8-day notices. In addition, the expeditious disposal of the issues involved is delayed and ignores the intent of the Legislature in structuring the procedures in motion practice. However, the court does not lack for sufficient facts and information to reach a decision.
The claimant has failed to state a cause of action. The State has incurred no liability in such cases. (Douglas v. State of New York, 184 Misc. 441, affd. 269 App. Div. 521, affd. 296 N. Y. 530; Austin v. Vrooman, 128 N. Y. 229.)
Accordingly, the motion of the Attorney-General is granted.