Matthew J. Jasen, J.
Defendants Bernard Hart and Paul Miles move to dismiss the complaint as against them for failure to state a cause of action.
This case presents issues involving the civil liability of Judges while acting as such judicial officers.
The complaint alleges four separate causes of action, false, imprisonment, conspiracy, defamation of character, and libel.
It appears that the defendant James V. Slack filed an information on April 26, 1966 charging the plaintiff with disorderly conduct (Penal Law, § 722). A warrant was issued by defendant Bernard Hart, Police Justice of the Village of Medina, New York, and the plaintiff was arrested. He was brought before Police Justice Hart for arraignment. However, Judge Hart disqualified himself when he realized that he had acted previously as the plaintiff’s attorney and that he was in fact handling at the time the estate of the plaintiff’s deceased father-in-law. The matter was referred to defendant Paul Miles, Acting Police Justice of the village, who proceeded to arraign the plaintiff. However, while reading the information to the plaintiff, the Acting Police Justice noticed that the plaintiff acted irrationally and was unable to control his emotions, and therefore believed that the plaintiff was in such a mental state, as to be incapable of understanding the charge. Hence, pursuant to the provisions of section 870 of the Code of Criminal Procedure, the plaintiff was ordered by Acting Police Justice Miles to be committed to the Rochester State Hospital for mental examination.
On May 17, 1966, after receiving a report from the Rochester State Hospital, Acting Police Justice Miles ordered the release of the plaintiff. It also appears that the complainant James V. Slack, also a defendant herein, had informed the court that he desired to drop the charges as alleged in the information.
Thereupon, plaintiff brought this action, alleging that the defendants were liable for damages.
It is a well-settled principle of law that Judges are immune from liability for damages for acts committed within their judicial jurisdiction. (Bradley v. Fisher, 13 Wall. [80 U. S.] 335 [1871]; Austin v. Vrooman, 128 N. Y. 229.)
It is a Judge’s duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants, and although *478 his errors may be corrected on appeal, he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.
This immunity is based upon the theory that the public interest is best served when a judicial officer is free to act upon his independent conviction, unswayed by any consideration or apprehension of possible attendant personal .consequences.
When the Judge has jurisdiction, as concededly he had in this ease, he is not personally liable for his judicial acts. This includes the issuance of the warrant by Police Justice Hart, and the arraignment and commitment of the plaintiff to the Rochester State Hospital pursuant to section 870 of the Code of Criminal Procedure, by Acting Police Justice Miles.
Therefore, the complaint against the defendants Bernard Hart, individually and as Police Justice, and Acting Police Justice Paul Miles, should be dismissed.