HENRY KRAFT, Appellant, *v.* HENRY DE VERNEUIL, Respondent.

*Trial on Sunday, by a justice of the peace, of an action for the crime of assault in the third degree — the justice is not liable for the amount of a fine imposed upon and paid by the criminal.*

A justice of the peace, who unlawfully, but without malice, conducts upon Sunday a trial for the crime of assault in the third degree, which results in the conviction of the offender, of whose person and of the subject-matter of which action the justice has jurisdiction, and in his being sentenced to pay a fine of fifty dollars or to be imprisoned until the fine be paid, does not thereby incur any personal liability to the offender, who pays the fine in order to avoid imprisonment, particularly where the latter did not object to the conduct of the trial on Sunday.

APPEAL by the plaintiff, Henry Kraft, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 10th day of March, 1905, upon the decision of the court, rendered after a trial at the Erie Special Term, sustaining the defendant's demurrer to the plaintiff's complaint, and also from an order entered in said clerk's office on the 10th day of March, 1905, sustaining the said demurrer.

*James Harmon*, for the appellant.

*Charles L. O'Connor*, for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of KRUSE, J., delivered at Special Term.

All concurred, except STOVER, J., not voting.

The following is the opinion of KRUSE, J., handed down at Special Term:

KRUSE, J.:

The plaintiff seeks to recover the sum of fifty dollars, being the amount of a fine paid by the plaintiff and imposed by the defendant, a justice of the peace, upon a trial and conviction of the plaintiff for the crime of assault in the third degree. · The trial and conviction were had on the 23d day of October, 1904, which was Sunday. The plaintiff was sentenced to pay the fine or be imprisoned until the fine was paid, and it is alleged in the complaint that he was compelled to and did pay the fine to the defendant fearing said imprisonment. The plaintiff contends, not only that the trial and conviction were void, but that the defendant is personally liable to him for the amount of the fine so imposed for the reason that the proceedings were had upon Sunday.

Section 6 of the Code of Civil Procedure provides as follows: "A court shall not be opened or transact any business on Sunday except to receive a verdict or discharge a jury. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense, or the granting of an injunction order by a justice of the Supreme Court, when in his judgment it is necessary to prevent irremediable injury, or the service of a summons with or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day."

It is contended by the defendant that the offense with which the plaintiff was charged, and for which he was tried and convicted,

was of such a character as to permit the trial to be had on Sunday under the exceptions to the general rule forbidding courts to be open on Sunday contained in the section referred to, relying upon the case of *People ex rel. Price* v. *Warden, etc.* (73 App. Div. 174), and further contending that in any event the defendant is not personally liable to the plaintiff even if it was unlawful to conduct this trial on Sunday.

Whatever the facts may appear to be as to the precise nature of this crime, or the circumstances under which it was committed, and the necessity of exercising jurisdiction by the magistrate under the exception contained in this section, the facts alleged in the complaint, which for the purpose of this determination must be taken as true, do not seem to be such as to bring them within the exception.

Assuming, however, that it was unlawful to conduct this trial on Sunday, yet the defendant having jurisdiction as a judicial officer of the person of the defendant, and of the subject-matter, it would seem that no personal liability was incurred by the defendant in thus unlawfully proceeding to hear and determine the matter on Sunday.

There is no claim that the justice acted maliciously or even that the plaintiff objected to his proceeding with the trial. Where under such circumstances a judicial officer, in good faith, proceeds with the hearing of a matter over which he has jurisdiction, both of the subject-matter and of the person, although he proceeds erroneously and acts even beyond his jurisdiction, his acts are judicial and he is protected from personal liability. (*Lange* v. *Benedict*, 73 N. Y. 12 ; *Clark* v. *Holdridge*, 58 Barb. 61 ; *Austin* v. *Vrooman*, 128 N. Y. 229.)

The demurrer to the complaint is sustained, with costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of costs.