John Sweeney, Appellant, v. Edward F. O'Dwyer, Respondent.

False imprisonment — erroneous decision by judge, of matters within his jurisdiction, does not render a warrant, issued in pursuance thereof, void — when complaint, as explained and limited by opening of counsel stating facts to be proved, fails to state facts sufficient to constitute cause of action, it must be dismissed.

Where questions of law and fact were properly before a judge upon an application for a warrant claimed in an action for false imprisonment to have been illegally issued, so that, as a judge, he was compelled to act judicially on questions included within the limits of a subject over which he had jurisdiction, it cannot be held that, because he may have acted erroneously and decided such questions in a wrong way, he lost jurisdiction and that his order and warrant became void and a mere nullity.

In an action for false imprisonment upon two causes of action the allegations of the complaint relating to the first cause of action and the opening of plaintiff's counsel explaining such allegations show that the sole complaint against the defendant and against the validity of the warrant which he issued is, that in proceedings properly instituted in the court of which he was a judge and before him as such judge he erroneously held that an order in supplementary proceedings requiring the plaintiff to turn over to a receiver certain property, in form purporting to be made by the court instead of by a judge thereof, was sufficient, and erroneously determined that plaintiff could be punished for not complying with an order requiring him to deliver possession of such property, although he made a claim that he did not own the same. *Held*, that such allegations of the complaint and the statement made by plaintiff's counsel did not state facts sufficient to show that the defendant was without jurisdiction to issue the warrant and that the same was void, and, hence, that the complaint should be dismissed as to this cause of action.

The second cause of action alleged that plaintiff was arrested under a second warrant, issued by the same defendant after plaintiff was discharged from imprisonment under the first warrant. The allegations of the complaint relating to the invalidity of this warrant and the defendant's lack of jurisdiction were the same as those relating to the first warrant. The only statement made by plaintiff's counsel in his opening relating to the second warrant was, in substance, that the plaintiff was discharged from imprisonment under the first warrant "and that the ink was hardly dry when the defendant in the case signed another warrant of commitment, and the plaintiff was again arrested." *Held*, that this

statement did not limit plaintiff under his complaint to proof alone of the facts stated by him as establishing the nullity of the first warrant; that such statement was not so full and complete as to exclude the idea that evidence might be offered, under the general allegations of the complaint, of such additional facts as would sustain the second cause of action, and that plaintiff is entitled to have a trial upon such cause of action.

*Sweeney* v. *O'Dwyer*, 122 App. Div. 889, modified.

(Argued January 26, 1910; decided February 15, 1910.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 13, 1907, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard Krause* for appellant. The complaint alleges facts constituting two causes of action for false imprisonment against the defendant, and the opening statement contained nothing which showed that the defendant was not liable and the dismissal of the complaint was, therefore, reversible error. (*Lyle* v. *Little*, 28 App. Div. 181; *Sanders* v. *Saxton*, 182 N. Y. 477; *Kelly* v. *S. M. L. I. Co.*, 186 N. Y. 16; *Payne* v. *Treadwell*, 16 Cal. 222; *Lorillard* v. *Clyde*, 86 N. Y. 384; *Kain* v. *Larkin*, 141 N. Y. 144; *Wooley* v. *Newcombe*, 87 N. Y. 605; *Bryce* v. *R. R. Co.*, 73 Hun, 233; *Berney* v. *Drexel*, 33 Hun, 34; *Thayer* v. *Gile*, 42 Hun, 268.)

*Max D. Steuer* for respondent. It appearing by the pleadings and the statement of the plaintiff's counsel that the defendant, as a judge of the City Court, had jurisdiction of the person and proceeding in which the order of commitment was made, he cannot be held liable, and the dismissal of the complaint was proper. (*Bradley* v. *Fisher*, 13 Wall. 351; *Lange* v. *Benedict*, 73 N. Y. 12; *Kraft* v. *De Verneuil*, 105 App. Div. 45; *Gilbert* v. *Satterlee*, 101 App. Div. 316; *Austen* v. *Vrooman*, 128 N. Y. 230; *Nowak* v. *Waller*, 31

N. Y. S. R. 458; *Yates* v. *Lansing*, 9 Johns. 395; *Fischer* v. *Langbein*, 103 N. Y. 84; *Staples* v. *Fairchild*, 3 N. Y. 41; *Potter* v. *Purdy*, 29 N. Y. 106.)

HISCOCK, J.   This action was brought to recover damages for alleged false imprisonment which occurred under two warrants in contempt proceedings successively issued by the defendant, who was a judge of the City Court of the city of New York.   Plaintiff is attempting to establish that each of these warrants was void, both on the face thereof and for lack of jurisdiction to issue the same.   His action was dismissed after the opening of his counsel at the Trial Term on the ground that his complaint and such opening considered together did not state facts sufficient to establish his claim, and the question presented on this appeal is whether such disposition was correct.

In the determination of the question it will be appropriate first to examine the complaint.   This sets forth two purported causes of action, one on each arrest and warrant, and it will only be necessary to consider the sufficiency of those parts thereof which directly relate to the alleged invalidity of the warrants, there being no question concerning the other portions.   The allegations of each count of the complaint on this point are identical, and are as follows: " 3. That the said warrant (under which plaintiff was arrested) was void. 4. That the said warrant appeared void upon its face.   5. That the defendant knew at the time when he signed and allowed the said warrant that he had no power to sign or allow it, and that it was void, and that arrest and imprisonment thereunder would be illegal."

The first difficulty has been to determine whether these allegations set forth facts impeaching the validity of the warrant or are mere statements of legal conclusions.   With some doubt, I have concluded that taken together they state sufficient facts, if proven, to establish the invalidity and nullity of the warrant. (*Simser* v. *Cowan*, 56 Barb. 395; *Clark* v. *Bowe*, 60 How. Pr. 98; *Lange* v. *Benedict*, 73 N. Y. 12, 24.)

The last case was one of false imprisonment, and the plaintiff alleged that such imprisonment "was wrongful and willful, without just cause or provocation." In the face of a demurrer it was assumed that these allegations were sufficient in form, it simply being held that their effect was qualified by subsequent allegations of specific facts.

This determination, however, that the complaint does sufficiently set forth facts making invalid the warrant issued by the defendant and under which the plaintiff was imprisoned, does not decide the question whether the latter's action was properly dismissed, because we still have to take into account the opening of his counsel as affecting the complaint. When we do this, I reach the conclusion that in such opening, which only purported to recite fully the details constituting the first purported cause of action, the counsel stated facts which so limited and impaired the force of the general allegations of the first count in his complaint as to justify the court in dismissing that cause of action. The material facts which the counsel stated that he intended to prove in support of his first cause of action were that a judgment had been recovered against plaintiff in the City Court of New York, on which proceedings supplementary to execution were instituted against him in said court; that thereafter an order was made by said court in said proceedings requiring him to turn over certain property to a receiver who had been appointed of his property, and with which order he failed to comply, claiming that he did not own the property; that thereafter a motion was made at a term of said court presided over by defendant to punish plaintiff for contempt in violating said order, and on which motion he duly appeared by counsel and urged that the court could not and should not make the order asked for, *first*, because the property did not belong to him, and, *second*, because the original order requiring plaintiff to give possession of the property to the receiver had been made by the court instead of by a judge thereof, and, therefore, was a nullity; that notwithstanding this argument an order was made of punishment for contempt requiring the plaintiff to pay a fine,

and providing that if said fine was not paid within a certain time he should be confined in the county jail; that thereafter the time having expired, and plaintiff not having complied with the order by payment of the fine, the warrant complained of was issued by defendant committing him to jail.

When we read this opening statement of counsel we ascertain the true meaning of the very general allegations in plaintiff's complaint and learn the precise facts which he hoped to prove in support thereof, and briefly summarized we perceive that the sole complaint against defendant and against the validity of the warrant which he issued is that in proceedings instituted in the court of which he was a judge and before him as such judge, he erroneously held that an order made by the court instead of by a judge thereof requiring the plaintiff to turn over to a receiver certain property was sufficient, and erroneously determined that plaintiff could be punished for not complying with an order requiring him to deliver possession of such property although he made a claim that he did not own the same. I think we may almost assume on the present allegations in accordance with usual forms of practice that the order whose form is complained of was at the worst only irregular. (*Phinney* v. *Broschell*, 80 N. Y. 544, 546.)

In this opening statement it will be observed that any claim of other lack of jurisdiction and any claim of invalidity of the warrant on its face vanishes, and we are simply pointed to the alleged erroneous conduct of the defendant with respect to the two points mentioned. It seems very clear to me that this statement is not of sufficient facts to show that the defendant was without jurisdiction to issue the warrant and that the same was void. It is asserted and not disputed that the City Court of New York and the judges thereof had jurisdiction to entertain proceedings supplementary to execution on the judgment recovered against plaintiff and to entertain proceedings to enforce obedience to orders by contempt proceedings. Such court was one of record and while of limited,

that is statutory, jurisdiction, it nevertheless had ample jurisdiction of the matters involved. Thus it appears that there was jurisdiction over a general subject which included the special proceedings before defendant. He also had jurisdiction of the plaintiff because on the motion on which the order was made to punish the latter for contempt and leading to the issuance of the warrant complained of plaintiff duly appeared by counsel and presented arguments why said order should not be made. Therefore, there was neither lack of jurisdiction of the general subject-matter nor of the person. When plaintiff argued that the preliminary order requiring him to give possession of his property to a receiver duly appointed in the supplementary proceedings was a nullity because made by the court instead of by a judge thereof and that the order should not have been made because he did not own the property, defendant was required to pass on the soundness of the propositions thus urged. These presented questions of law and fact arising in a legal proceeding properly before him. As a judge he was compelled to act judicially on questions included within the limits of a subject over which he had jurisdiction, and it seems to me extravagant to argue that because he may have acted erroneously and decided these questions in a wrong way, assuming such to have been the case, he lost jurisdiction and his order and warrant became void and a mere nullity. If any authority is needed for the proposition that such result did not ensue, it may be found in *Lange* v. *Benedict* (73 N. Y. 12) and *Fischer* v. *Langbein* (103 N. Y. 84).

The question of the propriety of the ruling of the court in respect to plaintiff's second cause of action must be decided under different conditions. While doubtless the facts considered in connection with the first cause of action would be applicable to and proved as part of the second cause of action, I do not think that they can be regarded as exclusive of every other theory of the invalidity of the second warrant. The only statement made by counsel in his opening especially relating to this warrant was in substance that plaintiff was discharged from imprisonment under the first warrant, "and

the ink on that order was hardly dry when defendant in this case signed another warrant of commitment, and the plaintiff was again arrested," and this statement in my opinion did not limit plaintiff under his complaint to proof alone of the facts stated by him as establishing the nullity of the first warrant. It is possible that facts might be proved and considerations invoked for the purpose of showing that the second warrant was void in addition to those relied on in the case of the first one, and counsel did not make his statement of what he intended to prove so full and complete as to exclude the idea that possibly evidence might be offered under the general allegations of the complaint of such additional facts which would sustain this second cause of action. Therefore, plaintiff in the present situation is entitled to count on this element of possibility and insist that he shall have an opportunity to develop it on the trial.

While no claim was or has been made by appellant's counsel either at the trial or on this appeal that any difference exists in the status of his two causes of action, still this distinction appearing to us, I think we should afford relief in accordance therewith.

The judgment appealed from should be affirmed so far as it relates to the first cause of action, and reversed as to the second one, and a new trial granted of the latter cause of action, without costs to either party.

GRAY, HAIGHT, WERNER and CHASE, JJ., concur; CULLEN, Ch. J., and WILLARD BARTLETT, J., not voting.

Judgment accordingly.