(152 App. Div. 690.)

### BOWMAN v. SEAMAN et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. TRIAL (§ 109*)—OPENING—ADMISSIONS OF COUNSEL.

Express admissions by plaintiff's counsel in his opening that defendants were judicial officers will limit general allegations of the complaint to the contrary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 270, 367, 388, 395; Dec. Dig. § 109.*]

2. CONTEMPT (§ 55*)—PROCEEDINGS—NOTICE.

Under Municipal Court Act (Laws 1902, c. 580) §§ 6, 20, and section 8b, as added by Laws 1910, c. 539, respectively providing that, in case of a contempt not committed in the immediate view of the court, the offender must be notified of the accusation and have a reasonable time to make a defense, and the court may issue a warrant requiring any marshal to bring the offender before the court, that proceedings to punish constructive contempts may be instituted by an order to show cause, and that the provisions of the Code of Civil Procedure shall be applied to the Municipal Court so far as applicable, and Code Civ. Proc. § 10, since repealed and re-enacted as Judiciary Law (Consol. Laws 1909, c. 30) § 751, providing that in case of criminal contempt of a court of record, not committed in view of the court, the offender must be notified and have reasonable time to make a defense, and Code Civ. Proc. § 2269, re-enacted as Judiciary Law, § 757, providing that proceedings to punish for a civil contempt so committed must be instituted either by order to show cause or warrant of attachment, the preliminary notice required to be given by the Municipal Court in a proceeding to punish for criminal contempt may be in the form of an order to show cause.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161; Dec. Dig. § 55.*]

3. CONTEMPT (§ 57*)—PROCEEDINGS TO PUNISH—APPEARANCE.

A voluntary appearance by a contemnor and submission of the matter on the merits waives defects in the preliminary process and confers jurisdiction upon the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 162, 163; Dec. Dig. § 57.*]

4. JUDGES (§ 36*)—LIABILITY FOR OFFICIAL ACTS—PUNISHMENT FOR CONTEMPT.

Where the court having jurisdiction of the person and the subject-matter of the controversy imposes a fine for contempt, there is no civil liability on the part of the judge or those enforcing his orders, unless jurisdiction is subsequently divested, and it is shown that he acted out of actual malice.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 165, 167, 178, 179; Dec. Dig. § 36.*]

5. COURTS (§ 36*)—EVIDENCE (§ 207*)—ATTACK—JURISDICTION—ADMISSIONS.

Where the judgments of courts of limited or inferior jurisdiction are relied upon, all necessary jurisdictional facts must appear of record, and cannot be established by presumption or inference; but an express admission of counsel will supply such facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 142–144; Dec. Dig. § 36;* Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. COURTS (§ 36*)—ATTACK—JURISDICTION—PRESUMPTIONS.

Where the jurisdiction of an inferior court not of record, such as the Municipal Court, is established, it must affirmatively be shown to have been lost in order to invalidate the judgment relied upon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 142–144; Dec. Dig. § 36.*]

Appeal from Trial Term, Kings County.

Action by Charles E. Bowman against Alfred P. W. Seaman and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

William G. Cooke, of New York City, for appellant.

Henry A. Friedman, of New York City (Charles L. Hoffman, of New York City, on the brief), for respondent Hoffman.

Eugene Frayer, of New York City (Alexander Pfeiffer, of New York City, on the brief), for respondents Seaman, Lind, and Dezell.

HIRSCHBERG, J. The plaintiff's counsel conceded upon his opening that the action was to recover damages for false imprisonment. The allegations of the complaint are general and indefinite. It alleges in substance that the defendants Hoffman and Lind, "representing and pretending" that Hoffman was vested with judicial authority, "did devise and concoct" a certain paper "purporting to be an order of the Municipal Court of the City of New York," which paper was signed by Hoffman and "purported and pretended to require the plaintiff to appear at a designated place in the borough of Manhattan and show cause why he should not be punished for a criminal contempt of the said Municipal Court"; that the defendant Dezell delivered the paper to the plaintiff, and "represented and pretended" that the same was "a lawful and valid" process of the Municipal Court; that the plaintiff appeared on the return day at the place specified in the paper, whereupon the defendant Seaman, "representing and pretending that he was vested with some judicial authority so to do," declared the plaintiff guilty of a criminal contempt of the Municipal Court, and "ordered and demanded of the plaintiff that he should pay to him, the said defendant Seaman, or some other person designated by him, the sum of $100, and threatened and declared that, if the plaintiff did not forthwith make such payment, he (the plaintiff) should be committed to the county jail for a period of 10 days"; that the plaintiff, "believing that the defendant Seaman had power to require such payment, and in default thereof to so commit the plaintiff to jail," offered to go to the borough of Brooklyn and get that sum of money, which offer was accepted, and the plaintiff deprived of his liberty by being taken in the custody of the defendant Dezell to such place in Brooklyn, pursuant to the orders of the defendant Seaman, where the defendant Dezell "did wrongfully extort

and receive from the plaintiff the sum of $100." Those allegations are followed by this paragraph:

"Fourth. And the plaintiff alleges that all the acts of the defendants aforesaid were without authority of law and wrongful; that neither of the defendants, Hoffman nor Seaman, were vested with any judicial authority whatsoever to take any such proceedings as they pretended to take against the plaintiff; that the plaintiff was not at any time in contempt of the Municipal Court of the City of New York, and that neither it nor the defendants, or any of them, had any jurisdiction over him whatsoever."

[1] During his opening the plaintiff's counsel specifically admitted, in answer to questions by the learned court below, that at the time the order to show cause was issued the defendants Hoffman and Seaman were justices of the Municipal Court of the City of New York, and appears to have acquiesced in the statement of the learned court below to the effect that as such justice the defendant Hoffman issued said order, and that the plaintiff, after the service of the same upon him, appeared before the defendant Seaman, who as such justice found him guilty of contempt and fined him $100. Upon the pleadings and those admissions, the learned trial court directed the entry of the judgment appealed from, dismissing the complaint.

I think that the judgment should be affirmed. The general allegations of the complaint are limited by the admissions made by the plaintiff's counsel. Sweeney v. O'Dwyer, 197 N. Y. 499, 90 N. E. 1129. As so limited, the complaint is that the defendant Hoffman, while a justice of the Municipal Court of the City of New York, signed an order requiring the plaintiff to show cause why he should not be punished for a criminal contempt of that court, which order was served on the plaintiff by the defendant Dezell; that the plaintiff, in obedience to said order, appeared at a term of the court held by the defendant Seaman, who also was at that time a justice of said court, and was by said Seaman adjudged guilty of criminal contempt and sentenced to pay a fine of $100, or in default of such payment to stand committed to the county jail for a period of 10 days; and that thereafter the plaintiff paid such fine.

[2] The Municipal Court has express statutory jurisdiction of the subject-matter of a proceeding to punish for criminal contempt. Municipal Court Act (Laws 1902, c. 580) §§ 4–6. Section 6 of the Municipal Court Act provides that, when the contempt is not committed in the immediate view and presence of the court, the offender must be notified of the accusation and have a reasonable time to make a defense, and that the court may issue a warrant, directed generally to any marshal, requiring him to bring the offender before the court. Section 20 provides that the provisions of the Code of Civil Procedure and the rules and regulations of the Supreme Court shall apply to the Municipal Court, so far as the same can be made applicable and are not in conflict with the Municipal Court Act. At the time of the adoption of section 20 of the Municipal Court Act, it was provided by section 10 of the Code of Civil Procedure (since repealed and reenacted as section 751 of the Judiciary Law [Consol. Laws 1909,

c. 30]) that the party to be punished for a criminal contempt of a court of record, not committed in the immediate view and presence of the court, must be notified of the accusation and have a reasonable time to make a defense. Proceedings to punish for a civil contempt so committed against a court of record must be instituted either by an order to show cause or a warrant of attachment (section 757, Judiciary Law, formerly section 2269, Code of Civil Procedure), and proceedings to punish for such a contempt must be instituted by an order to show cause (section 8b, Municipal Court Act, as added by Laws 1910, c. 539).

I am of opinion that the preliminary notice required by the Municipal Court Act in proceedings to punish for a criminal contempt may be in the form of an order to show cause, and that the issuance of a warrant in the first instance is not mandatory, and that the defendant Hoffman, as a justice of that court, having jurisdiction of the subject-matter of the contempt proceeding, had jurisdiction to issue such a preliminary order notifying the plaintiff of the charge.

[3] The plaintiff's subsequent appearance before the court (the defendant Seaman presiding) in response to the order to show cause, and his submission to a consideration of the matter on the merits, waived any defects that might have existed in the preliminary process, and conferred jurisdiction of the person. Sweeney v. O'Dwyer, supra, 197 N. Y. 504, 90 N. E. 1129.

[4] The imposition of the fine, therefore, was by a court having jurisdiction both of the person and the subject-matter of the controversy. Under such circumstances it is well settled that there is no civil liability of the presiding magistrate, or of those acting under or enforcing his orders, unless jurisdiction is subsequently divested. Even in the latter event, liability could only be based on actual malice. Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 477, 14 L. R. A. 138; Kraft v. De Verneuil, 105 App. Div. 43, 94 N. Y. Supp. 230; Starrett v. Connolly, 150 App. Div. 859, 135 N. Y. Supp. 325. There are no allegations in the complaint showing a divesting of jurisdiction, or that the defendants were actuated by malice.

[5] The counsel for the appellant relies for a reversal upon the well-settled rule that, when acts or judgments of courts of limited or inferior jurisdiction are relied upon as giving rights or constituting defenses, all necessarily jurisdictional facts must appear in the record, and cannot be established by presumption or inference. In the case at bar, however, the admissions, in connection with the general allegations of the complaint, established the facts that the defendants Seaman and Hoffman were justices of the Municipal Court, acting within their jurisdiction, and that the plaintiff appeared in the contempt proceeding and contested on the merits. Thus the record before us contains sufficient facts to establish jurisdiction.

[6] There is no rule requiring that jurisdiction of an inferior court, once having been established, must be affirmatively shown not to have been subsequently lost. The decision in Sweeney v. O'Dwyer, supra, is in point here. That was an action against a judge of the City Court of the City of New York to recover damages for false

arrest. The Court of Appeals held that the first cause of action in the complaint in that case, as explained by plaintiff's counsel in his opening, charging that such judge in proceedings properly instituted before him had erroneously determined that the plaintiff should be imprisoned for contempt, did not show facts sufficient to constitute a cause of action. Yet the City Court of the City of New York, although enumerated as one of the courts of record, is, like the Municipal Court of the City of New York, only a local statutory court of inferior jurisdiction, and accordingly within the rule, invoked by the appellant, to the effect that all facts necessary to confer jurisdiction must affirmatively appear in the record. See Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103.

In the foregoing view of the case at bar, it is not necessary to determine the question, presented by the respondents, whether the very general and vague allegations of the complaint, if not limited and explained by the plaintiff's opening, stated sufficient facts to constitute a cause of action.

The judgment appealed from should be affirmed, with costs. All concur.