Birdie Amsterdam, J.
The defendant Francis X. O’Brien moves pursuant to rule 112 of the Buies of Civil Practice and section 476 of the Civil Practice Act, for dismissal of the complaint as to him and for judgment on the pleadings, on the ground that the complaint is insufficient in law and because of the admissions therein contained, and, further, for judgment dismissing the complaint pursuant to rule 113.
The action is in false arrest and imprisonment. The answer contains a defense to the effect that the moving defendant was a duly appointed Magistrate of the City of New York and the acts of which complaint is made were performed in the course of duty and thus the defendant is exempted from civil liability for acts done in the performance of judicial function.
Actually defendant fails in his brief to make any attack upon the legal sufficiency of the complaint, but rather argues the merits of the complaint in the light of what occurred before him. The allegations of the defense are deemed to be controverted and, therefore, judgment may not be awarded at this time upon the basis of this submission pursuant to rule 112 or section 476. There remains the application pursuant to rule 113.
Apparently this plaintiff was arrested upon a summons issued to him charging a traffic violation to which he had not responded and upon such arrest he was brought before the Magistrate. This involves Manhattan Docket No. 434187, defective lights. *853 Plaintiff pleaded guilty. It further appears from the minutes and from the papers in general that on that occasion there was brought forward from the files of the Police Department five additional traffic summonses which had been issued and to which no response had been made. The difficulty arises apparently from the fact that those summonses appeared to have the name of this plaintiff as defendant and that it appeared this plaintiff was the defendant in those summonses, but the fact is that he was not. On production of Manhattan Docket No. 629938, the defendant pleaded “ Guilty. I paid that.” There ensued some confused discussion as to whether the ticket had been paid, and finally the defendant pleaded guilty after he had attempted to make a comment which commenced “ The only ticket that is pending-”. There followed Manhattan Docket No. 55404, as to Avhich the defendant stated “ I paid all these tickets.” There ensued discussion Avithout any further plea from the defendant. There was then produced Manhattan Docket No. 833983, to Avhich the defendant stated, “ Not guilty; I paid them ’ ’ and at this time the defendant was insisting that he Avas guilty only as to the first Manhattan Docket number and that he was pleading “ Not guilty ” as to the rest, with the folloAving colloquy:
“ The Court: Are you guilty or not guilty? Make up your mind.
“ The Defendant: Not guilty; only the first one, I am guilty of.
“ The Court: You are pleading not guilty of the others?
“ The Defendant: That is right.
“ The Court: All right.”
There was then produced Manhattan Docket No. 458494, to Avhich the defendant responded “ Not guilty ”. There followed Manhattan Docket No. 476309, to which the defendant pleaded “ Not guilty ”, and Manhattan Docket No. 476308, when the defendant finally stated, “ Not guilty. You must have the Avrong name ”. Thereafter the minutes show the following only:
“ The Court: Bail five-hundred dollars.
“ Court Officer: You can make a free telephone call from the office of the Warden.
‘ ‘ The Defendant: I don’t have any money.
“ The Court: Put him in.”
The defendant in his moving affidavit states, ‘ ‘ The minutes shoAV that the plaintiff appeared before me at the City Magistrates’ Term of the City Magistrates’ Court of the City of New York, Borough of Manhattan, on October 6, 1958, to answer a summons for a traffic violation, which he had received and failed *854 to answer more than a year previous. The plaintiff pleaded guilty to the first violation for driving with defective lights, and then was questioned as to five other traffic summonses, admittedly in his name.”
It is important to note from this that the defendant was hailed before the Magistrate with respect to a single summons which he admitted was served upon him and to which he had pleaded guilty. The statement that it was admitted that the names on the additional summonses were this plaintiff’s is of no moment whatsoever, since the identity of the name is not of importance, but rather whether the defendant as named in the summons is the man hailed before the court as the defendant, and this, it must be assumed upon the basis of this submission, is what this plaintiff as defendant had sought to bring to the attention of the Magistrate to demonstrate that there must have been an error of identification and that he was not the person upon whom the summonses had been served and the person charged with traffic violations.
"While the judicial officer is exempted from civil liability for errors of judgment, fact or law in the matter before him when he has jurisdiction over the person and of the subject matter, the matter of exemption does not arise until jurisdiction is established, and jurisdiction is not established until it is demonstrated that the person served with the summons and charged is the person before him, and only then could bail be fixed and the person remanded for failure to furnish the bail.
In the light of these circumstances, the matter, therefore, requires further investigation and exposure before judgment may be awarded. The motion is denied in all respects.
(Upon Reargument, November 21, 1961.)
The defendant Francis X. O’Brien has made informal application by letter of November 8, 1961 for reargument of his motion for judgment. The authorities submitted have been examined and have been found lacking in support of his contentions. The cited authorities fall into two classifications: In the first they relate to the proposition that immunity is not dissolved and a right of action for false arrest and imprisonment does not arise where jurisdiction of the subject matter exists but power thereunder has been imperfectly or erroneously exercised. (Houghtaling v. State of New York, 11 Misc 2d 1049; People ex rel. Mertig v. Johnston, 186 Misc. 1041.) The second classification relates to cases involving jurisdiction over the person. One group is authority for the proposition that where the person charged is before the court it has *855 jurisdiction of the person even though error has arisen not as to the identity of the person but in the manner in which he comes before the court. (People v. Kempner, 95 N. Y. S. 2d 425.) Another group involving the question of jurisdiction of the person concerns cases of mistaken identity. (Kittredge v. Frothingham, 114 Me. 537; Schneider v. Kessler, 97 F. 2d 542.) Immunity is not dissolved or a cause for false arrest and imprisonment is found not to exist if the court or the arresting officer in dealing with a person fitting the description of the person charged acts in a reasonable manner, having reasonable ground for suspecting that the person before the court or the person apprehended is the person charged and reasonable and necessary means are used to obtain the identification within a reasonable time. (See, also, Sweeney v. O’Dwyer, 197 N. Y. 499.) The application for reargument is denied.