JOHN P. HANDSHAW, Appellant, *v.* JOHN S. ARTHUR, Respondent.

89 ˉ179|
9ap176|

*Courts of Justices of the Peace — confined strictly to the authority conferred upon them — when acts of a justice in adjourning a case are void and when voidable — in what case a justice is personally liable for the consequences of his acts.*

Courts of Justices of the Peace are courts of inferior and limited jurisdiction. They are confined strictly to the authority conferred upon them and can take nothing by implication.

Where a justice of the peace has jurisdiction, but errs in its exercise, his acts are not void, but voidable only, and he incurs no personal liability therefor. Where, however, a justice of the peace has no jurisdiction whatever and undertakes to act, his acts are *coram non judice* and void and render him personally liable for their consequences.

An action was commenced in a Court of a Justice of the Peace by the issuance of a summons. On the return day of the summons the attorney for the plaintiff appeared before the justice with a letter from the defendant, addressed to the justice, in which the defendant demanded a jury trial and requested the justice to adjourn the case until the fifth day of May. In accordance with the demand the justice drew a jury and issued a venire summoning the jury to appear on the fifth day of May, and adjourned the case to that day. The jury was not summoned owing to the neglect of the constable to whom the venire was delivered. The attorney for the plaintiff, having learned that the constable had failed to summon the jury, requested the justice to draw another jury, which the justice did on May fourth, and issued a venire therefor, returnable on the tenth day of May, and adjourned the case to that day. On May fifth neither of the parties appeared. On May tenth the plaintiff appeared with his counsel; the defendant did not appear. Judgment was rendered and docketed in favor of the plaintiff for the full amount of his claim. Execution was thereafter issued under which a levy was made upon certain personal property belonging to the defendant in that action and the property was sold.

In the present action, brought by the defendant in the action before the justice of the peace, against the justice to recover damages for issuing the execution under which the levy and sale were made,

*Held*, that the plaintiff in the previous action before the justice having failed to appear on May fifth, the day to which the case had been adjourned for trial, the action was unequivocally discontinued; that the justice had no jurisdiction to exercise in relation to the adjournment which he made in the absence of the parties, and that he was liable to the plaintiff [the defendant in the previous action before him] for the damages sustained.

PRATT, J., dissenting.

APPEAL by the plaintiff, John P. Handshaw, from a judgment of the County Court of the county of Suffolk, entered in the office of the clerk of the county of Suffolk on the 17th day of December,

1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury.

*Livingston Smith*, for the appellant.

*Ackerly & Miles,* for the respondent.

DÝKMAN, J.:

The defendant, John S. Arthur, is a justice of the peace of the town of Smithtown, in Suffolk county, and on the 21st day of April, 1894, Charles O. L'Hommedieu commenced an action before the defendant as such justice of the peace against John B. Handshaw, the plaintiff in this action, to recover twenty-eight dollars and forty cents which he claimed Handshaw owed him. The summons in that action was signed on that day by the defendant Arthur and the same was made returnable on the 28th day of April, 1894. It was delivered to the constable on the day it was signed, and it was duly served on Handshaw on the same day by the constable, who made his return thereon to Justice Arthur before the return day thereof in the manner prescribed by law.

On the return day of the summons the attorney for the plaintiff L'Hommedieu appeared before Justice Arthur with a letter from Handshaw addressed to Justice Arthur, in which Handshaw demanded a jury trial, and requested Justice Arthur to adjourn the case until May 5, 1894.

In accordance with the demand of Handshaw, Justice Arthur drew a jury and issued the venire summoning the jury to appear on the 5th day of May, 1894, and adjourned the case to that day.

In consequence of the neglect of the constable to whom the venire was delivered, the jury was not summoned and did not appear on the fifth day of May, and neither of the parties, either the plaintiff or the defendant, appeared on that day. When the lawyer for the plaintiff learned that the constable had failed to summon the jury, he called on Justice Arthur on Friday, May fourth, and told the justice that it would be necessary to summon another jury. The justice expressed some doubts to the lawyer as to the legality of the procedure, but finally yielded to his demands and drew another jury and issued a venire therefor returnable on the 10th day of May, 1894, and adjourned the case to that day. The constable summoned

the second jury, and on the tenth day of May the jury appeared, together with the plaintiff, L'Hommedieu and his counsel. The defendant Handshaw did not appear.

The jury was then drawn, and after hearing the evidence for the plaintiff returned a verdict in his favor for twenty-eight dollars and forty cents, the full amount of his claim against the defendant. The judgment was docketed by Justice Arthur, and in a short time thereafter, on demand of the attorney for the plaintiff, Justice Arthur issued an execution thereon under which the constable thereafter levied upon and sold certain articles of personal property belonging to the defendant Handshaw.

This action was then brought by Handshaw against the justice of the peace, Arthur, to recover damages for issuing the execution under which the levy and sale was made. The action was first tried on the 28th day of June, 1894, before a justice of the peace and a jury, and the jury rendered a verdict for the defendant. Handshaw then appealed for a new trial to the County Court of Suffolk county, and the same was brought on for trial at the County Court on the 31st day of December, 1894, before the county judge and a jury, and after hearing the evidence the plaintiff was nonsuited and judgment dismissing the complaint was thereafter entered. From that judgment the plaintiff Handshaw appeals to this court.

Courts of Justices of the Peace are courts of inferior and limited jurisdiction and do not proceed according to the course of the common law.

They are confined strictly to the authority conferred upon them and can take nothing by implication. Such was the rule previous to the Code of Civil Procedure, and now the rule has been embodied in the Code by section 2861, as follows: " A justice of the peace has such jurisdiction in civil actions and special proceedings as is specially conferred upon him by statute, and no other." When they have jurisdiction their errors and irregularities cannot be reviewed collaterally, but if they proceed without jurisdiction over the person then their proceedings and judgments are void.

It was also settled in this State before the Code, that where the plaintiff failed to appear upon the return of the process, or upon the day to which the case had been adjourned for trial, the action was unequivocally discontinued, and the parties stood as if the same had

never been commenced. (*Wailing* v. *Toll*, 9 Johns. 141; *Hubbard* v. *Spencer*, 15 id. 244.)

That rule has also been codified and is contained in section 3013 of the Code in this language: " Judgment of nonsuit, with costs, must be rendered against a plaintiff prosecuting an action before a justice of the peace in either of the following cases: *  *  *  (2) If he fails to appear within one hour after the summons is returnable, or within one hour after the time to which the trial has been adjourned." When, therefore, the plaintiff failed to appear on the fifth day of May, the time to which the trial of that action had been adjourned, the jurisdiction of the justice over the parties ceased and he was then required by the peremptory demand of the statute to render judgment of nonsuit against the plaintiff, with costs. He retained control of the case for no other purpose. The failure of the plaintiff to appear on the adjourned day deprived the justice of jurisdiction over the defendant, and the adjournment of the case and the subsequent proceedings thereon were without jurisdiction and void. They were more than erroneous. The distinction is this : Where the justice of the peace has jurisdiction, but errs in its exercise, then his acts are not void but voidable only, and he incurs no personal liability therefor. But where he has no jurisdiction whatever, and then undertakes to act, his acts are *coram non judice* and void and render him personally liable for their consequences. (*Butler* v. *Potter*, 17 Johns. 145.)

It is very true that the defendant, as justice of the peace in the original suit, acquired jurisdiction of the parties down to the fifth day of May, but did he have any jurisdiction or discretion over the question of adjournment ? If he did then the adjournment made by him on that day is only an error in judgment, and it is contrary to established principles to impose personal liability for a judicial act.

But reflection has conducted me to the conclusion that he had no jurisdiction to exercise in relation to the adjournment which he made in the absence of the parties on the fifth day of May. The plaintiff then failed to appear within one hour after the time to which the trial had been adjourned, and in that case the statute commanded the justice to render judgment of nonsuit against the plaintiff, with costs ; he had no power to do more or otherwise.

When, therefore, he undertook to adjourn the case upon his own motion he exceeded his authority and jurisdiction. The conclusion seems to be inevitable, and we cannot vary general rules of law or refuse to apply them to meet extraordinary cases.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BROWN, P. J., concurred.

PRATT, J. (dissenting):

It is conceded that on May fifth, when the parties failed to appear, the justice should have entered a judgment of nonsuit. Mistaking his duty, he adjourned the cause on his own motion to May tenth. Of that adjournment both parties had notice, the plaintiff's attorney giving notice to the defendant. On the adjourned day the plaintiff appeared, and in the absence of defendant proved his case; judgment was entered, execution issued, property sold, and the justice is now sued in trespass.

There was, obviously, no intentional injustice, and we think it clear that the action complained of was judicial in its character, for which the justice is not responsible in damages. (*Lange* v. *Benedict,* 73 N. Y. 12.)

The error was in failing to give a proper judgment. The remedy was by appeal.