to champerty; and (2) on the ground that Charles De Kay Townsend, the legal adviser of the parties, was erroneously allowed to testify to the contents of the lost memorandum, against the objection and exception of the defendant.

1. We see no reason to regard the agreement as champertous. By its terms, as found by the trial court, it contemplated nothing which is forbidden by the statute against buying lands in suit. Nor does the testimony show that when the conveyance was actually taken by the defendant the grantor was out of possession, to his knowledge, and the premises were the subject of a suit in court, of which the defendant also knew. Pen. Code, § 129. The appellant insists, still further, that the trial court itself attempted to bring about champerty, by directing the defendant to convey to the plaintiff, inasmuch as there undoubtedly was a litigation concerning the land pending at the time of the trial, to the knowledge of both of the parties and the learned judge. It is well settled, however, that the statute against buying and selling pretended titles does not prevent the transfer of property by operation of law, or by conveyance made under the decree of a court of competent jurisdiction. Tuttle v. Jackson, 6 Wend. 213, 224; Truax v. Thorn, 2 Barb. 156, 159. And the same is true, we think, of the statute concerning the transfer of lands in suit.

2. The testimony of Mr. Townsend was properly received, as his knowledge of the facts stated was obtained at an interview in which both parties consulted him, as an attorney, for their mutual benefit. Under such circumstances, the communication is not privileged in a subsequent litigation between the clients. Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52.

The judgment should be modified so as to direct the conveyance by the defendant of only one-third, instead of the whole, of his interest in the premises described in the decree, and as thus modified should be affirmed, without costs. All concur.

---

(9 App. Div. 18.)

## HOWELL v. CAPPELLI.

(Supreme Court, Appellate Division, Third Department. September 22, 1896.)

JUSTICES OF THE PEACE—POSTPONEMENT—NONAPPEARANCE OF PLAINTIFF.
    Code Civ. Proc. § 3013, providing that a justice must render judgment of nonsuit if plaintiff fails to appear within one hour after the summons is returnable, prohibits a justice from granting an adjournment on the nonappearance of plaintiff, though plaintiff was prevented from attending by storms which rendered travel impossible.

Appeal from Columbia county court.

Action by William N. Howell against John Cappelli. From a judgment of the county court affirming a judgment of a justice in favor of plaintiff, defendant appeals. Reversed.

Upon the return of the summons, the parties appeared in the justice's court, the plaintiff in person, the defendant by his attorney. Issue was

joined, and the case adjourned, upon motion of the defendant, until February 8, 1895, at 2 p. m. The return recites:

"Feb. 8. 3:00 p. m. Case called. Milton M. Hall, Esq., appears for defendant, and states that he has been requested by Mr. Crandell, defendant's attorney, to appear for him, and, if plaintiff appeared, to secure an adjournment; if plaintiff did not appear, to have action dismissed.

"A telegram having been received from plaintiff from New York, dated Feb. 8, 1895, stating that all trains upon New York Central Railroad had been abandoned on account of severe snowstorm, and it being a fact that all railroads and means of communication between New York and Hudson are blocked and impassable by reason of snow, the justice, upon his own motion, and upon the telegram herein referred to (filed and marked 'B'), adjourns this case to February 22d, 1895, at 2:00 p. m., no objection being made to said adjournment by Mr. Hall, appearing for the defendant.

"Feb. 22. 3:00 p. m. Case called. Plaintiff appears in person. Defendant does not appear, either in person or by attorney."

"The Western Union Telegraph Company received at Hudson, N. Y., 11:45, Feb'y 8, 1895, dated New York, to H. W. Alden (filed 'B'):

"'Trains abandoned. Cannot reach Hudson to-day. Adjourn case, and mail me notice two weeks from to-day, if possible.

"'Wm. N. Howell.'"

The justice then took the evidence of the plaintiff, and thereupon rendered judgment in his favor.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John L. Crandell, for appellant.

Mark Duntz, for respondent.

LANDON, J. The plaintiff having failed to appear upon the adjourned day, either in person or by attorney or agent, we think the statute required the justice to render a judgment of nonsuit, with costs against him. Code Civ. Proc. §§ 3013, 2861. We do not think, in view of the statement made by the person representing the defendant, that he consented to the adjournment.

Judgment reversed, with costs. All concur.