CULLEN, J.
—This action was before the general term of this court at the July term in 1895. The decision of the court on that appeal is reported in 89 Hun, 179, 34 N. Y. Supp. 1034. In the prevailing opinion the facts of the case are fully stated. The question is whether a justice of the peace who had adjourned a case pending before him on the failure of - both parties to appear, and thereafter had granted a judgment in favor of the plaintiff, and issued an execution thereon, is liable as a trespasser. The late general term, holding, though with dissent, the defendant liable, reversed a judgment of the county court in his favor, and ordered a new trial. On the second trial a verdict was directed in favor of the plaintiff, and from the judgment, entered on the verdict this appeal is taken.
If the question presented were wholly new, we should be inclined to follow the previous decision, though against our own judgment, on the rule of stare decisis, giving the defendant leave to go to the court of appeals. For some reason, the late general term denied the defendant that privilege. We think, however, that the decision of the general term was not only erroneous but it was against the authority of the adjudicated cases. Section 3013 Code Civ. Proe.,, provides that judgment of nonsuit, with costs, must be rendered against a plaitiff if he fails to appear within one hour after the time to which the trial has been adjourned. The claim of the plaintiff is that, under this provision of the Code, the justice had no power to adjourn the case when the plaintiff failed to appear, and that his subsequent action was as absolutely void as if no suit had ever been instituted before him. The direction in the section cited, that the justice should grant a judgment of nonsuit, doubtless forbade him to adjourn the cause. But the first question is, was the adjournment absolutely void, or merely erroneous ? If, in .his answer to this, it be held that the adjournment was void, then the second question arises, was it so far a judicial act on the part of the justice as to protect Mm from liability on account of his error?
At the time of the action by the justice, there was a cause pending before him, in which he had both jurisdiction of the subject-matter and of the parties. The statute prescribed that he should act in one way. He acted in another. The provisions of the Code as to proceedings in justices courts *521 are practically renactments of the provisions of the Revised Statutes on the same subject, with some changes in form, and but slight changes in substance. The provisions of sections 2959 and 2960, Code, as to adjournments, are fully as mandatory and as restrictive in their terms as section 3013; yet it has been held that adjournments had in opposition to the direction of the statute, though eroneous, were not void, as without jurisdiction.
In Horton v. Auchmoody, 7 Wend. 200, the plaintiff in error was a justice of the peace, and the defendant in error had been sued before him. In that suit, on the application of the plaintiff therein, Horton had adjourned the case, against the provision of the statute, and against the protest of the defendant, that he would not thereafter appear, and the parties would proceed at their peril. On the adjourned day "the plaintiff appeared, and Horton gave judgment in his favor, and issued execution thereon. Auchmoody then brought this action against Horton in trespass for a levy under the execution. It was held that the justice had jurisdiction, and that the judgment and execution, though erroneous and voidable, were not void and that the justice was not liable. It was there said:
“"Where a justice acts without acquiring jurisdiction, he is a trespasser; but, having jurisdiction, an error in judgment does not subject him to an action. He is entitled to the protection afforded to a judge of a court of record. * e ¡ü mugt be conceded that, so far as the parties litigant before the justice in that suit are concerned, this court would have considered an unauthorized adjournment an end of the suit; but, where a remedy is sought against the justice, the principle of judicial irresponsibility should be interposed, so far as it is applicable. * * In this case the justice had jurisdiction of the cause, of the parties, and of the question of adjournment. His error was an error of judgment, and, according to the decisions above referred to, the consequence of that error ay as that the cause Avas discontinued as between the parties, and any judgment entered after such adjournment, Avas liable to be reversed; but I believe none of the cases consider such a judgment a proper subject of inquiry as to its merits in another tribunal.”
We do not see Iioav the present case is to be distinguished from the one cited. That case has remained as authority unchallenged for over 60 years.
The question again arose in Hard v. Shipman, 6 Barb. 621. There, also, the justice adjourned the case Avithout authority; yet it was held that the judgment rendered by the justice *522 upon such adjournment was valid, and could not be attacked collaterally.. It was there said :
“But, according to the decision in Horton v. Auchmoody, the justice did not, by such adjournment, lose his jurisdiction of the cause. He had jurisdiction of the cause, of the parties, and of the question of adjournment. His error was an error of judgment,—a judicial error; and the only consequence of the error was that the judgment entered after the adjournment Avas reversible on certiorari. Although it is said in the cases that the adjournment of a case by a justice, at his oavh instance, or at the instance of the plaintiff, Avithout authority, amounts to to a discontinuance of the suit, yet by this expression nothing more is meant than an irregularity or nothing error, for Avhich the judgment subsequently entered could be avoided or reversed on certiorari. The judgment is valid and binding until reversed.”
It seems that the present case is not to be distinguished in principle from that of Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 447. In that case, Austin was charged with supplying diluted milk to a butter manufactory. When arraigned before the magistrate, he pleaded not guilty, Avaived examination, and offered to give bail to the grand jury. The magistrate refused to bail the prisoner, proceeded to try him; and sentenced him to imprisonment. On appeal the conviction and sentence were reversed, upon the ground that the magistrate should have accepted bail and proceeded no further. Austin then sued the magistrate and the complainant for false imprisonment. The argument hoav presented to us was presented in that case. It was urged that, AArhen the plaintiff elected to give bail, the magistrate was thereafter Avholly without jurisdiction. It was held that the magistrate erred in further proceeding with the cause; but it was further held that the the error was in a judicial determination made in a case of Avhich he had jurisdiction, and that he was protected from a civil action in regard to it. In the opinion delivered by Judge Beckham, the case of Horton v. Auchmoody, supra, is cited AA’ith approval.
We think these authorities are conclusive on the question involved in this case, and, on principle, it falls Avithin that plainly just and fair doctrine enunciated in Jones v. Reed, 1 Johns. Gas. 20:
“The sound rule of construction in respect to the courts of the justices of the peace is to be liberal in revieAving their proceedings as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction prescribed to them by the statute.”
Here the defect was not in jurisdiction, either as to subject-matter or person, but in method of procedure.
*523 The judgment appealed from should be reversed, and the «complaint dismissed, Avith costs, with leave to respondent to appeal from this decision to the court of appeals, if he so «elects.
All concur except BROWN, P. J., dissenting.