KATE LEONARD, as Guardian of JOSEPH LEONARD, an Infant, Plaintiff, *v*. BERT E. RIMA, Defendant.

(County Court, Herkimer County, October, 1913.)

Justices' Courts — jurisdiction of — appeal from judgments of — Code Civ. Pro. § 3013.

Where the County Court, on reversing a judgment rendered by a justice of the peace dismissing a complaint, orders a new trial before the same justice on a day certain, at which time the parties appeared by their respective attorneys and by con-

sent the case was adjourned from time to time and upon the last adjourned day there was no appearance by either party, the jurisdiction of the justice over the parties ceased and he was required by section 3013 of the Code of Civil Procedure to render judgment of nonsuit against the plaintiff, with costs.

A subsequent motion by plaintiff in the County Court for an order fixing another date for the trial of the case must be denied.

MOTION by plaintiff to have another date fixed for trial.

Richard Hurley, for motion.

A. H. Bellinger, opposed.

BELL, J. This action was originally tried in Justice's Court before a jury on April 25, 1912, the jury found a verdict for the defendant and judgment was rendered in favor of defendant dismissing the complaint and for ten dollars and twenty-five cents costs.

The plaintiff appealed and the judgment was reversed by the County Court and a new trial ordered before the same justice on January 28, 1913, at ten A. M. at which time the parties appeared by their respective attorneys and by consent the case was then and thereafter adjourned along to February 6, 1913, nine A. M.; February 20, 1913, nine A. M.; March 2, 1913, nine A. M.; April 16, 1913, nine A. M.; May 21, 1913, nine A. M.; May 29, 1913, nine A. M.; June 11, 1913, nine A. M.

It does not appear that either party appeared in any manner on June 11, 1913.

Plaintiff now makes a motion in this court for an order fixing another date for trial.

The decision in this court directing a new trial was made pursuant to the provisions of section 3063 of the Code of Civil Procedure.

Section 3065 of the Code of Civil Procedure provides as follows: "Where a new trial is directed before a justice, as prescribed in the last two sections, the parties must appear before him, at the time and place specified in the order of the appellate court, without service of any notice, or of a copy of the order. Thereupon the like proceedings must be had in the action, as upon the return of a summons personally served."

When the parties appeared by attorney on January 28, 1913, they were then to proceed as upon the return of a summons personally served; they could proceed to trial or demand a jury or adjourn by consent but all of the proceedings, from the time of their appearance on January 28, 1913, were the same as if this action had just been brought and the summons was returnable on that day.

Section 3013 of the Code of Civil Procedure provides as follows: "Judgment of nonsuit, with costs, must be rendered against a plaintiff prosecuting an action before a justice of the peace, in either of the following cases:  *  *  *  2. If he fails to appear within one hour after the summons is returnable, or within one hour after the time to which the trial has been adjourned."

It is plain that judgment of nonsuit with costs must be rendered against a plaintiff prosecuting an action before a justice of the peace if he fails to appear within one hour after the summons is returnable or within one hour after the time to which the trial had been adjourned, so that it was clearly the duty of the justice, on June 11, 1913, at ten o'clock, being one hour after the time to which the case was adjourned, to render a judgment of nonsuit, with costs against the plaintiff. Handshaw v. Arthur, 89 Hun, 179; Howell v. Capelli, 9 App. Div. 18.

In Handshaw v. Arthur, *supra,* the court said, on page 182: "When, therefore, the plaintiff failed to appear on the fifth day of May, the time to which the trial of that action had been adjourned, the jurisdiction of the justice over the parties ceased and he was then required by the peremptory demand of the statute to render a judgment of nonsuit against the plaintiff, with costs. He retained control of the case for no other purpose. The failure of the plaintiff to appear on the adjourned day deprived the justice of jurisdiction over the defendant, and the adjournment of the case and the subsequent proceedings thereon were without jurisdiction and void."

I do not think the case of Velsey v. Velsey, 40 Hun, 471, is in point. There the County Court reversed the judgment and a new trial was ordered to be had on a certain day, and from that order an appeal was taken to the General Term; after the appeal was taken to the General Term all proceedings were stayed pending the appeal, so that it was impossible for the case to proceed before the justice on the date fixed by the County Court and after the affirmance by the General Term a motion was made in County Court to have another date named, which motion was granted.

It seems to me that the parties are in the same position that they were before this action was commenced, and if plaintiff desires another trial all he has to do is to commence an action.

Motion denied.