AVERY SENECA, Respondent, *v.* ELLIS COLVIN, Appellant.

Fourth Department, January 3, 1917.

**False imprisonment — when judicial officer not civilly liable — liability of justice of the peace.**

Where a judge has full jurisdiction of the subject-matter and of the parties, whether his jurisdiction be a general or a limited one, he is not liable civilly where he acts erroneously, illegally or irregularly, nor is he liable for a failure to exercise due and ordinary care, or where he acts from malicious or corrupt motives.

Hence, a justice of the peace, who commits a defendant upon a charge of robbery and assault in the second degree, although there was evidence to the effect that said defendant had been convicted before another justice of the same town of assault in the third degree, claimed to be the same offense and a bar to further prosecution, is not liable for false imprisonment, although his action may have been erroneous.

APPEAL by the defendant, Ellis Colvin, from a judgment of the County Court of Erie county, entered in the office of the clerk of said county on the 8th day of June, 1916, upon the verdict of a jury for $250, and also from an order entered in said clerk's office on or about the same day denying defendant's motion for a new trial made upon the minutes.

*Clark H. Hammond* [*Archibald H. Lewis* and *Harold E. Orr* with him on the brief], for the appellant.

*Thomas L. Newton,* for the respondent.

KRUSE, P. J.:

The plaintiff has recovered a judgment for false imprisonment. The defendant, a justice of the peace, committed him in default of bail to the Erie county jail to await the action of the grand jury, upon a charge of robbery and assault in the second degree, after an examination had before the justice. The grand jury failed to indict the plaintiff and he was discharged. The trial court held that the imprisonment was unlawful and the only question submitted to the jury was whether the defendant acted maliciously.

Plaintiff concedes that he committed the assault, but contends that before the warrant was issued by the defendant, he had been convicted for that offense before another justice of the peace of the same town, upon his plea of guilty, had paid the fine of five dollars imposed upon him and that, therefore, the defendant acted unlawfully in taking cognizance of the matter and committing him to prison after he had been apprised of that fact.

I do not think the recovery can be sustained. It is a general rule that a judicial officer acting within the limits of his jurisdiction is not civilly liable, though his act may be wrong, and there is nothing in this case which takes it out of that general rule. It is urged that a different rule applies to a judge of

limited jurisdiction, such as a justice of the peace, than to a judge of a court of general jurisdiction. There are expressions in the books and opinions which may tend to support that contention, where the officer acts maliciously; but I am not aware of any decision to that effect in the appellate courts of this State, where that question was directly involved. I am of the opinion, as is stated in the Cyclopedia of Law and Procedure (23 Cyc. 568), that "The overwhelming weight of authority is to the effect that where a judge has full jurisdiction of the subject-matter and of the parties, whether his jurisdiction be a general or limited one, he is not liable civilly where he acts erroneously, illegally or irregularly,. * * * nor is he liable for a failure to exercise due and ordinary care, or where he acts from malicious or corrupt motives."

The reason for exempting judicial officers from civil liability has been so often and learnedly discussed that a further discussion at this time would be a work of supererogation. (*Lange v. Benedict*, 73 N. Y. 12, and cases there cited.) The rule has been many times applied by the courts of this State to judicial officers of limited jurisdiction. Among others, the following cases may be cited: *Austin* v. *Vrooman* (128 N. Y. 229); *Kenner* v. *Morrison* (12 Hun, 204); *Handshaw* v. *Arthur* (9 App. Div. 175), disapproving former decision in same case (89 Hun, 179), and affirmed in the Court of Appeals on opinion below (161 N. Y. 664); *Kraft* v. *de Verneuil* (105 App. Div. 43); *Starrett* v. *Connolly* (150 id. 859); *Bowman* v. *Seaman* (152 id. 690).

This is not a case where a judicial officer of limited authority had no jurisdiction. Here, the magistrate had jurisdiction both of the subject-matter and of the person. The information accused the plaintiff of robbery and assault in the second degree, committed in the defendant's town, and evidence was given in support thereof. It is true that the defendant justice was informed, and testimony was given before him, to the effect that the plaintiff had been convicted before another justice of the same town of assault in the third degree, which plaintiff claimed was the same offense and a bar to further prosecution; but that did not divest the justice of jurisdiction. It was a question for his judicial determination as to what

effect that conviction had. He decided that a conviction for assault in the third degree did not bar the prosecution for robbery and assault in the second degree. He may have been wrong, but he is not accountable therefor to the plaintiff in a civil action.

Furthermore, I am not convinced that the defendant acted maliciously. . The evidence seems to indicate that the decision was in accordance with his best judgment, and besides, it is not so clear that he was even wrong in holding the plaintiff for the action of the grand jury. The evidence tended to show that the plaintiff was guilty of robbery, and whether the commission of that crime was so connected with the assault and involved in that charge, and the proceedings before the other justice were such as to make the plea of guilty to simple assault and payment of the five dollars fine before the other justice a bar to a prosecution for robbery may well be questioned. But it is enough to say that in holding that it was not, even if wrong, the justice did not subject himself to personal liability to the plaintiff.

I think the nonsuit should have been granted, and the judgment and order should be reversed, and that the complaint should now be dismissed, with costs to appellant in this court and in the court below.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.