SAMUEL P. KELLAN, Plaintiff, *v.* CHARLES A. McLEAN, Defendant.

County Court, Chenango County, February, 1923.

**Justice's Court — failure of plaintiff to appear upon adjourned day — court has not jurisdiction to take proof on counterclaim and award judgment to defendant.**

On the return day of the summons in an action brought in Justice's Court upon a verified complaint, both parties appeared, and upon the defendant filing a verified answer containing a general denial and a counterclaim upon which an affirmative judgment for a sum of money was demanded, the case was adjourned to a specific date but the plaintiff failed to appear on the adjourned day. *Held,* that under section 268 of the Justice Court Act the jurisdiction of the justice of the peace was limited to the rendition of a judgment of nonsuit.

Where, therefore, the justice proceeded to take the proof as to the counterclaim a judgment rendered in favor of the defendant will be reversed, with costs.

APPEAL from a judgment of a Justice's Court.

*R. F. Bieber,* for appellant.

*H. C. & V. D. Stratton,* for respondent.

HILL, J. This is an appeal from Justice's Court. The plaintiff appeared on the return day in person and by attorney. A verified complaint demanding $120 had been served with the summons. The defendant appeared and filed a written, verified answer, denying the complaint and setting up a counterclaim, demanding affirmative judgment in favor of the defendant against the plaintiff for the sum of $190 and interest. The case was adjourned to November 6, 1922, at ten o'clock in the forenoon. The justice's return contains this item as to transactions on the adjourned day. " November 6, 1922, 11:00 A. M., plaintiff failed to appear, defendant appeared in person and by attorney   *   *   *. After hearing defendant's witnesses, I entered judgment as per attached minutes." From the minutes mentioned, it appears that proof was taken on

the counterclaim, five witnesses being sworn and judgment was entered as follows: Damages, $190 and costs $3.75.

Section 2 of the Justice Court Act limits the jurisdiction of a justice of the peace to that expressly granted by statute, and the courts have held that nothing is read into the statute by implication. Section 268 of the Justice Court Act provides: "Judgment of nonsuit, with costs, *must be rendered* against a plaintiff prosecuting an action before a justice of the peace, in either of the following cases . * * * if he fails to appear * * * within one hour after the time to which the trial has been adjourned * * *." *Handshaw* v. *Arthur*, 89 Hun, 179, in discussing the jurisdiction of a justice of the peace in connection with this section says: "It was also settled in this State before the Code, that where the plaintiff failed to appear upon the return of the process, or upon the day to which the case had been adjourned for trial, the action was unequivocally discontinued, and the parties stood as if the same had never been commenced. * * * When, therefore, the plaintiff failed to appear on the * * * day * * * to which the trial of that action had been adjourned, the jurisdiction of the justice over the parties ceased and he was then required by the peremptory demand of the statute to render judgment of nonsuit against the plaintiff, with costs. He retained control of the case for no other purpose. The failure of the plaintiff to appear on the adjourned day deprived the justice of jurisdiction over the defendant. * * * The plaintiff then failed to appear within one hour after the time to which the trial had been adjourned, and in that case the statute commanded the justice to render judgment of nonsuit against the plaintiff, with costs; he had no power to do more or otherwise."

So far as the record of the *Handshaw* case shows, there had been no counterclaim filed. The Justice Court Act does not seem to provide authority for the rendering of judgment under the conditions set forth in this record. Section 259 lays out a perfect scheme for the entering of judgment when a verified complaint is served and no answer is filed. No procedure is prescribed for a condition which exists in the case at bar. Sections 264 and 265 touch judgments on counterclaims. The first section mentioned contemplates a trial, and governs offsetting between plaintiff's and defendant's demands and the use of a portion of a counterclaim to extinguish plaintiff's recovery where the entire amount thereof exceeds the amount of which a justice has jurisdiction. The last of the two sections is as follows: "Affirmative relief. In a case not specified in the last section, where a counterclaim is established which entitles the defendant to an affirmative judgment demanded

in the answer, judgment must be rendered for the defendant accordingly." If this section is authority for the procedure adopted by the justice in the case at bar, then section 268 is meaningless or, if not meaningless, is most loosely drawn. I prefer to give to section 265 its obvious meaning which to me is that it applies where conditions not mentioned in section 264 exist, as for example, plaintiff's complaint upon trial may be totally disallowed if the equities seem to warrant that determination, and defendant's counterclaim may be allowed in full if within the statutory amount, and to give to section 268 the meaning which the words imply and not attempt to read into it by implication that it only applies in the event a counterclaim has not been pleaded.

The *Handshaw* case, quoted from above, is reported on a later appeal in 9 Appellate Division, 175, and that decision is cited with approval but not upon the point involved in this case, in *Seneca* v. *Colvin*, 176 App. Div. 273, 275. It has also been cited and approved in *People* v. *Harber*, 100 App. Div. 317, 323, in the following language: " In *Handshaw* v. *Arthur* (9 App. Div. 175; affd., on opinion below, 161 N. Y. 664) it was held that by an unauthorized adjournment of a civil case a justice of the peace lost jurisdiction, the court quoting with approval the rule laid down in *Jones & Crawford* v. *Reed* (1 Johns. Cas. 20) as follows: ' The sound rule of construction, in respect to the courts of justices of the peace, is to be liberal in reviewing their proceedings as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction, prescribed to them by the statute.' "

Full weight is given to the language of section 268 of the Justice Court Act, formerly section 3013 of the Code, in *Leonard* v. *Rima*, 82 Misc. Rep. 358, and in *Howell* v. *Capelli*, 9 App. Div. 18.

The practice in Justice Court, if the determination on this appeal is correct, is at complete variance with the practice in courts of record. Section 433 of the Civil Practice Act provides: " Either party who has served a notice of trial may bring the issue to trial, and, in the absence of the adverse party, unless the judge holding the term for good cause otherwise directs, may proceed with the cause and take a dismissal of the complaint or a verdict, decision or judgment as the case required."

No section comparable with that appears in the Justice Court Act. A justice of the peace having only the authority conferred by statute, and the courts having held that his jurisdiction should be strictly limited to that explicitly granted, it would seem proper, and the decision of this court is, that the judgment be wholly reversed, with costs to the appellant.

Judgment reversed.