LLOYD H. C. WHITEHEAD, Plaintiff, *v.* D. JOSEPH DE ANDREA. Defendant.

Supreme Court, Special Term, New York County, November 30, 1945.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirsh-owitz of counsel), for defendant.*

*Vernal J. Williams for plaintiff.*

HOFSTADTER, J. Plaintiff sues a City Magistrate for damages based upon allegations of lack of jurisdiction and abuse of power in having plaintiff committed for observation as to his mental state and condition to the Kings County Hospital.

Plaintiff alleges that the commitment was illegal, without reasonable and probable cause, and solely motivated by malice and caprice. By way of affirmative defense, the defendant alleges that he had jurisdiction to commit the plaintiff for examination to determine his mental state and condition, and that he duly performed the judicial function conferred upon him by law.

Defendant moves for judgment on the pleadings dismissing the complaint under rule 112 of the Rules of Civil Practice and for summary judgment under rule 113 of the Rules of Civil Practice upon the ground that the defense is founded upon facts established by documentary evidence and official record.

Judges are exempt from liability in a civil action for acts performed in the exercise of their judicial functions (*Lange* v. *Benedict,* 73 N. Y. 12; *Sweeney* v. *O'Dwyer,* 197 N. Y. 499; *Murray* v. *Brancato,* 290 N. Y. 52). And this rule applies equally to judges of courts of record and to courts of limited jurisdiction (*Seneca* v. *Colvin,* 176 App. Div. 273).

In the instant case, defendant had jurisdiction of the subject matter of the offense for which plaintiff was being tried. Under section 870 of the Code of Criminal Procedure, the defendant magistrate was empowered to commit plaintiff for examination. Whether his decision was wrong, or was prompted by improper motives, becomes immaterial here. The court having had jurisdiction, a litigant cannot sue to recover damages from the presiding judge because such power was allegedly improperly exercised.

The complaint, therefore, must be dismissed. Settle order.