HARRY BIENENSTOCK, Plaintiff, v. " JOHN " McCOY et al., Defendants.

Supreme Court, Special Term, New York County, April 7, 1949.

*Elwood C. Smith* for William S. Conklin, defendant.

*Dollinger, Cooperstein & McCaffrey* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General,* for "John" McCoy, defendant.

HAMMER, J. Motion is by defendant William S. Conklin, Justice of the Peace of the Town of Monroe, New York, to dismiss the complaint on the ground that the alleged negligent acts complained of were performed by him in a legal proceeding then pending before him in a Court of Special Sessions, of which the court and the Justice had jurisdiction, by reason of which he was immune from liability for any judicial act done or omitted.

Plaintiff's complaint of false arrest is that on July 1, 1948, he was charged with a traffic violation, and on July 7, 1948, paid the fine imposed by Police Justice Conklin; but the latter issued a warrant for plaintiff's arrest and on November 15, 1948, he was arrested on such warrant. Plaintiff's brief states: " We do not quarrel with the defendant that there is legal immunity for judicial officers for their legal acts." It then says: " It is * * * charged in paragraph ' Fourth ' of plaintiff's complaint, that the defendant negligently caused to be issued a warrant of arrest against this plaintiff. It is contended by this allegation that the defendant either negligently failed to enter the satisfaction of this fine, or having made the proper entry, negligently and carelessly overlooked this payment when he caused the warrant of arrest to be issued. * * * defendant occupies the dual role of clerk and Judge and cannot claim immunity for a clerical act, that is, his failure to enter the payment of the fine or his carelessness in failing to examine the records showing the payment of the fine." While, obviously, the allegations of paragraph Fourth do not state what it is contended is alleged, *arguendo,* it will be assumed that they do. Plaintiff points out that a clerk has been held liable for damages resulting from his negligence in performance of his duties (*Hartwell* v. *Riley,* 47 App. Div. 154). The applicability of the case cited is not readily apparent as it involved the failure of a county clerk's deputy to properly index a *lis pendens.*

The complaint does not allege that the information and depositions which were required under sections 148, 149 and 150 of the Code of Criminal Procedure, were not laid before the defendant Judge or that he did not conduct the prescribed examination,

and it may be assumed that in the performance of his duties as an official he did. These are judicial acts (*Baldwin* v. *Rice,* 147 App. Div. 347; *People* v. *Menzel,* 148 Misc. 916; *People ex rel. Brown* v. *Tighe,* 146 App. Div. 491). That the defendant Justice may have had no clerk and himself performs all the required duties, and that he and his court had jurisdiction of the subject matter, are not open to question (Code Crim. Pro., § 56). Plaintiff does not question jurisdiction of the offense or of his person. On the contrary, he alleges he paid the fine imposed. Depositions are the authority for the warrant (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 390), and, as observed, it is assumed were before the court (*People* v. *Smith,* 266 App. Div. 57). The " warrant " is a judicial order or command, in writing, in the name of the People, signed by an authorized judicial officer commanding the arrest of the defendant named for the crime charged therein. When in the form of the statute, it is sufficient (*Krauskopf* v. *Tallman,* 38 App. Div. 273, affd. 170 N. Y. 561; *People* v. *Johnson,* 46 Hun 667, affd. 110 N. Y. 134). Under the Constitution it may even be issued in the name of the authorized judicial officer (*Dickenson* v. *Rogers,* 19 Johns. 279). The narrow charge presented by the complaint, then, is that defendant Conklin, in issuing the warrant under the facts stated, acted as a clerk and not as a Judge. The very form of warrant required by the statute shows that it must be signed by the Justice or other authorized judicial officer. The " warrant is issued " by the Justice or other authorized judicial officer signing it. " Criminal process leading to a trial must be issued by a court or magistrate on sworn information, not by an executive, such as a policeman, on his own motion." (*City of Buffalo* v. *Neubeck,* 209 App. Div. 386, 390.)

The criminal jurisdiction of village Police Justices extends to that of having all the powers and authority, and being subject, to all the duties and liabilities of a Justice of the Peace in issuing warrants for the arrest of a person charged with the commission of a crime or disorderly conduct in a county including such village, and if the crime, misdemeanor or offense is charged to have been committed in such village, the person arrested is arraigned before such Justice (Village Law, § 182).

The criminal jurisdiction of a Police Justice of a town is similar in respect of the issuance of warrants and is otherwise that which is conferred by law (Town Law, § 31, as amd.). He is required to keep a criminal docket as well as a civil docket. The law prescribes what must be entered in such dockets. There is statutory authority for providing a Justice with a stenographer who will also be the clerk.

It seems obvious that a failure either to enter the matters prescribed by law or to keep the records up to date is a clerical neglect, but that a failure to examine same, or to have the matter required to be recorded or the entries recorded in mind — during the exercise of the judicial function of considering the required information and depositions and of issuing a warrant — cannot be said to be either ministerial or clerical. If there be any offense of commission or omission, it is clearly a judicial error. If the act or omission amounts to a willful failure to obey the statutory requirement, it is punishable as provided in section 220 of the Code of Criminal Procedure. That does not necessarily render the Justice liable in civil damages. Where the required clerical and judicial acts are mingled, it is difficult to separate one from the other. All acts and proceedings of the Justice which require or admit of discretion or judgment are judicial and not ministerial. When the Justice has jurisdiction, as concededly he has in this case, he is not personally liable for error or neglect in its exercise (*Cunningham* v. *Bucklin,* 8 Cow. 178). Where jurisdiction of the subject matter is vested in the Justice by law, the manner and extent in which the jurisdiction is exercised are generally questions for his judicial determination to the same extent as are other questions of fact and law involved in the action or proceeding before him (*People ex rel. Devery* v. *Jerome,* 36 Misc. 256). A Justice is not liable for damages for error or irregularity in the performance of judicial acts within the scope of his jurisdiction (*Austin* v. *Vrooman,* 128 N. Y. 229; *Seneca* v. *Colvin,* 176 App. Div. 273; *Kraft* v. *De Verneuil,* 105 App. Div. 43; *McGuckin* v. *Wilkins,* 75 App. Div. 167; *Handshaw* v. *Arthur,* 9 App. Div. 175, affd. 161 N. Y. 664). Even if it could be said that the Justice having jurisdiction acted corruptly or maliciously, there is immunity from civil damages, the appropriate remedy being by way of impeachment, removal or criminal proceedings (*People ex rel. Devery* v. *Jerome, supra; Cunningham* v. *Bucklin,* 8 Cow. 178, *supra; Taylor* v. *Doremus,* 16 N. J. L. 473, 475).

Finally, it may be noted that the immunity is not given by law to favor judges beyond other officials or merely to protect them from liability as individuals. The immunity is based upon considerations of public policy, on the theory that the public interest is best served when the judicial officer is free to act upon his independent conviction, unswayed by any consideration or apprehension of possible attendant personal consequences (see 35 C. J., Justices of the Peace, § 24 *et seq.*).

Accordingly, the motion of defendant Conklin is granted and the complaint is dismissed.