THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SAPP, Relator, against JOHN F. McNEILL, as Superintendent of Matteawan State Hospital, Defendant.

Supreme Court, Special Term, Dutchess County, March 4, 1955.

*Seymour Gendal* for relator.

*Jacob K. Javits, Attorney-General (Benjamin A. Gilman* of counsel), for defendant.

EAGER, J. There is here before the court, a writ of habeas corpus for release of an inmate of Matteawan State Hospital. A hearing was held and the relator given opportunity to present such proofs as he desired to submit.

It appears that the relator herein, John Sapp, was committed to Matteawan by an order of transfer from Kings Park State Hospital pursuant to the provisions of section 872 of the Code of Criminal Procedure. He had been arraigned in the Magistrate's Court of the City of New York on May 23, 1951, on a charge of robbery, and thereupon was committed to Bellevue Psychiatric Hospital for observation. Thereafter, on June 5, 1951, he was duly certified by order of the Supreme Court to Kings Park State Hospital for observation and treatment. This was on petition of the lay superintendent of Bellevue Hospital and on certificate of two qualified examiners that he was a mentally defective imbecile with psychosis and was mentally ill. On March 2, 1953, by order of the Department of Mental Hygiene, pursuant to section 872 of the Code of Criminal Procedure, he was duly transferred to Matteawan.

It further appears, however, that on June 13, 1951, a City Magistrate of the City of New York issued an order, as follows:

"ORDER

ABATED

There being no sufficient cause to believe the within-named

JOHN SAPP

guilty of the offense within mentioned, I order him to be discharged.

Dated, Jun 13  1951

M. C. R.
_____
City Magistrate of the City of New York."

The alleged basis for the writ of habeas corpus herein is the claim of the relator that he is not now held under any criminal commitment and that there are no charges pending against him, and, therefore, he contends he is improperly detained in Matteawan State Hospital. The Superintendent of Matteawan State Hospital in his return to the writ, alleges that it is his opinion "that the said John Sapp is in such state of insanity, idiocy and imbecility that he would be a menace to the public peace and safety if at large." The evidence produced at the hearing supports the opinion of the superintendent and establishes that the relator is mentally ill, and is in need of further treatment and should not be released at this time. The relator produces no evidence to the contrary but takes the position that his detention in Matteawan State Hospital is unlawful because of the order of the City Magistrate aforesaid.

The court cannot go along with the contention of the relator. He was duly certified to a State hospital for the insane pursuant to the provisions of said section 872 of the Code of Criminal Procedure, and thereafter, pursuant to the provisions of said section, duly transferred to Matteawan. Even though the criminal charges against him are abated, he is not to be discharged in view of his present condition of mental illness and mental defectiveness, and the question of whether he shall be transferred to a so-called civil institution or an institution for care and treatment of mental defectives is a matter for determination by the Department of Mental Hygiene.

Writ dismissed. Submit order on notice.