Ellis J. Staley, Jr., J.
This is a motion for summary judgment by the defendants for a dismissal of the complaint for failure to raise triable issues of fact.
The action is for malicious prosecution and false arrest against the defendants, a police officer of the Town of Colonie, a Justice of the Peace of the Town of Colonie, and the Town of Colonie, Albany County, New York, as a municipal corporation.
The undisputed facts established from the testimony of the plaintiff and the defendants, Savoca and Lucey, taken at examinations before trial establish that on December 17, 1958 the plaintiff was lawfully occupying a room in the Colonie Club Motel in the Town of Colonie, Albany County, New York and that about 3:00 a.m., a woman, one Mrs. De Coste, entered the room followed shortly thereafter by a man, one Mr. Steiner. There is some question as to whether Mrs. De Coste was an invited guest to the room, but there is no question that Mr. Steiner was an uninvited guest. Immediately after Steiner’s entrance to the room, a disturbance occurred which involved an altercation between the plaintiff and the said Steiner. The Colonie Town Police were called by the night manager of the motel and after the police had arrived, they arrested the said *431 De Coste and Steiner and proceeded to take them for arraignment before Justice of the Peace Lucey at his home. The plaintiff voluntarily accompanied the police to Justice Lucey’s home at the request of one of the police officers. At the home of Justice Lucey interrogations were made by him of those involved in the disturbance and, as a result of these conversations, Justice Lucey wrote out informations against the three persons, De Coste, Steiner and Doran, which were signed by defendant Savoca charging all three with disorderly conduct and violation of subdivision 1 of section 722 of the Penal Law. Justice Lucey then committed the said De Coste, Steiner and Doran to the Albany County Jail where the plaintiff Doran was detained until about 12:00 noon on the same day, namely December 17, 1958 at which time he was admitted to bail in the sum of $25.
Thereafter, on February 20,1959 the plaintiff appeared before the Justice of the Peace at the Town Hall, Town of Colonie, New York, at which time the information was dismissed, the plaintiff was discharged from custody and the bail was returned to him.
The plaintiff now seeks to recover damages for malicious prosecution and false arrest from the defendant police officer, Savoca, the defendant Justice of the Peace, Lucey, and the Town of Colonie where they were employed.
It has been held repeatedly that where a judicial officer in good faith proceeds with the hearing of a matter over which he has jurisdiction, both of the subject matter and of the person although he proceeds erroneously and acts even beyond his jurisdiction, his acts are judicial and he is protected from personal liability. (Lange v. Benedict, 73 N. Y. 12; Austin v. Vrooman, 128 N. Y. 229; Seneca v. Colvin, 176 App. Div. 273.)
In Seneca v. Colvin (supra) the court dismissed a complaint in an action for false imprisonment stating at page 275 as follows: “ The reason for exempting judicial officers from civil liability has been so often and learnedly discussed that a further discussion at this time would be a work of supererogation. (Lange v. Benedict, 73 N. Y. 12 * * *) The rule has been many times applied by the courts of this State to judicial officers of limited jurisdiction. * * * This is not a case where a judicial officer of limited authority had no jurisdiction. Here, the magistrate had jurisdiction both of the subject-matter and of the person.”
It is apparent that a Justice of the Peace confronted in the early hours of the morning by individuals who have admittedly been engaged in some type of brawl just prior thereto should not be expected to exercise the highest and most careful degree of *432 judicial propriety and errors of judgment, if any, under such circumstances are understandable and excusable.
The ancient rule of construction in respect to courts and Justices of the Peace is to be liberal in reviewing their proceedings as far as respects regularity and form and strict in holding them to the exact limits of jurisdiction prescribed to them by the statute. (Jones & Crawford v. Reed, 1 Johns. Cas. 20; Handshaw v. Arthur, 9 App. Div. 175; Bienenstock v. McCoy, 194 Misc. 927.)
The defendant Justice of the Peace herein without question had jurisdiction of the person of the plaintiff and the subject matter of the offense as charged, and the execution of his judicial duties in this matter may not be subjected to civil liability.
As to the causes of action against the police officer, Savoca, and the municipality, the Town of Colonie, they also must fail since the complaint does not state facts sufficient to constitute a cause of action against them. (Jameison v. State of New York, 4 Misc 2d 326, affd. 7 A D 2d 944.)
The defendant, Savoca, after hearing the explanations of the disturbance at the Colonie Club Motel, signed an information against the plaintiff which information had been prepared by the Justice of the Peace charging the plaintiff with disorderly conduct. The police officer acted in a ministerial capacity when he committed the plaintiff to the Albany County Jail by order of the Justice of the Peace. In performing such acts he was properly carrying out the duties of his office and, therefore, cannot be held personally responsible or by his acts make the municipality by whom he was employed, liable for damages. (Koeppe v. City of Hudson, 276 App. Div. 443; Mudge v. State of New York, 271 App. Div. 1039; Dakis v. City of New York, 8 Misc 2d 581.)
In the case of Dakis v. City of New York (supra) the court stated (p. 582) as follows: “ The arresting officer was a mere ministerial employee confronted with a directive for the arrest of the plaintiff and in obeying it he did not subject himself or the municipality to an action for false arrest and imprisonment.”
In the case of Mudge v. State of New York (supra, p. 1039) the court stated as follows: “ Any error the Magistrate may have made in the exercise of his jurisdiction, whether in the issuance of proper process or decision of means, manner or method in accomplishment of the objective which was within his jurisdiction, did not constitute false imprisonment or render any ministerial officer or employee of the State liable for false imprisonment because they obeyed directions for its execution.”
*433 In view of the foregoing, the performance of his duties by Officer Savoca was in the line of duty obeying the directions of the Justice of the Peace and neither he nor his employer may be held liable in damages for any wrongdoing.
The motion for summary judgment is, therefore, granted and the complaint herein dismissed.