Caroline K. Simon, J.
This claim is predicated on the alleged false imprisonment and unlawful detention of the claimant at Gowanda State Hospital, a State mental institution, from August 9,1962 to October 4, 1962. Claimant was admitted to the hospital, pursuant to a form-order of commitment signed by a Justice of the Peace on August 9. The order recited that he had caused an order to be made on that day directing the mental examination of the claimant at Gowanda State Hospital, *534 pursuant to the Code of Criminal Procedure, and that the court had requested the person in charge of that institution to cause an examination of the claimant to be made and that such person had recommended that claimant be committed to the hospital for observation and examination for a period not to exceed 60 days to determine the question of claimant’s sanity.
It was established on the trial of this action that on August 9, 1962 the claimant was arrested and brought before the Justice, pursuant to warrants of arrest issued by the court, based on informations chargnig claimant with violations of section 1298 and subdivision 1 of section 722 of the Penal Law. The Justice thereupon read the charge pertaining to violation of section 1298 to claimant and she was fully advised of her rights. Prior to entertaining a plea of guilty or not guilty thereto, the Justice determined that claimant was incapable of understanding the charge or proceeding and advised her that he was ordering her examined for the purpose of determining her. sanity. No attempt was made to apprise claimant of the section 722 charge. Shortly thereafter a call was placed to the Growanda State Hospital authorities who orally advised the court to commit the claimant to that institution for examination rather than have such examination conducted at the place of detention. Later that day the hospital Director furnished the court with a written recommendation for claimant’s commitment and with the form of commitment order required by section 660 of the Code of Criminal Procedure. This form of commitment was executed by the court. Mistakenly the hospital letter bears the date of August 8, 1962 instead of August 9. The parties stipulated to its delivery on August 9,1962.
It was further established that on August 30,1962 the Director of Growanda State Hospital transmitted a letter to the Justice informing him that claimant had been found to be mentally ill within the meaning of the law and enclosed the sworn report dated August 31 of two qualified examining psychiatrists, which report recited that the psychiatrists had been appointed by the Director of the hospital, pursuant to court order, to examine the claimant and had conducted the required examination and were of the opinion that she was incapable of understanding the charge against her or of making her defense. Also attached to and made part of the correspondence was a .sworn affidavit executed by both psychiatrists that they were qualified to conduct such an examination and would report to the court with all convenient speed.
Claimant attacks the legal sufficiency of the commitment order on the ground that the Justice who issued it lacked jurisdiction *535 o ver the person of the claimant and on the further ground that the Justice failed to comply with the requirements of section 660 of the Code of Criminal Procedure in that he failed to obtain the written recommendation of the Director of the hospital that claimant be committed to that institution for examination, rather than submit to examination at her place of detention. Claimant further argues that liability attaches because of the failure of the hospital Director to designate two qualified psychiatrists to examine the claimant upon her admission to the hospital, in conformity with section 659 of the code, and for his failure to release the claimant from confinement in accordance with the terms of the order of commitment.
Fundamental to the disposition of the issue of liability in claimant’s favor is a finding that the Justice lacked jurisdiction over the person of the claimant so that the commitment of the claimant could be said to be a nullity and thus sustain claimant’s cause of action. (Montanaro v. State, 42 Misc 2d 851.) Absent any such finding it is well settled that any error or irregularity committed by a Magistrate in issuing process or in deciding what procedures to employ in the exercise of his jurisdiction does not constitute false imprisonment nor render any ministerial officer or employee of the State liable for the discharge of any duty in connection therewith. (Mudge v. State of New York, 271 App. Div. 1039; Doran v. Savoca, 39 Misc 2d 430.)
The record is devoid of any proof to support claimant’s theory that claimant was not properly arraigned before the Justice and that thus the court did not acquire jurisdiction over her. It is conceded that the claimant was brought before the court and the charge read to her, all in conformity with section 309 of the Code of Criminal Procedure which governs the conduct of the arraignment. The fact that the Justice failed to entertain a plea of guilty or not guilty to the information charging claimant with petit larceny because he had reasonable grounds to believe her to be incapable of understanding the nature of the charge and of making her defense does not violate ■section 309. Though section 309 requires the court to request a plea to the charge and record the plea on the court docket, section 870 of the code specifically permits the court, in its discretion, to order a sanity examination " at any time ”. When read in conjunction with section 309 we interpret the quoted portion of section 870 to authorize a sanity examination prior to asking an accused how he pleads to the charge. It would be unconscionable to require a committing Magistrate to accept a plea from an accused who is unable to understand the nature of the charge and to make his defense. This would frustrate *536 the salutary purpose of protecting the interests of both society and the accused, which the court perceives to be inherent in the language of section 870 of the code.
The court finds that the arraignment of the claimant was proper and that the court acquired general jurisdiction over the subject matter and over the person. The court further finds the Justice’s testimony and the arraignment memorandum executed by the Justice sufficient to make it appear that there was reasonable ground for the Justice’s belief that commitment under section 870 was required to retain jurisdiction for this purpose. (Cf. People ex rel. Schildhaus v. Warden, 37 Misc 2d 660, 673 et seq.) The court is in accord with the views expressed in People v. Pershaec (172 Misc. 324, 331), that the proceeding authorized by section 870 must be conducted in accordance with due process of law and only after due deliberation and consideration. The court finds this standard to have been met.
Claimant’s contentions that the failure of the hospital Director to recommend the commitment of the claimant to a State mental institution, pursuant to section 660 of the code, for observation and examination and that the failure of the Director to designate two examining psychiatrists to conduct such examination, pursuant to section 659 of the code, constitute an independent ground of liability are without merit. The psychiatric report and hospital entries contain ample proof to the contrary. Nor does liability arise because of the hospital’s failure to release the claimant from confinement on or after August 31, 1962, the date on which claimant was found to be actively mentally ill. Although the order of commitment provided for the transfer of the claimant by the State Police from the hospital to the place of her original detention upon the completion of such examination unless otherwise ordered by the court, this provision must be read in conjunction with that portion of .section 873 of the code which governs the procedure to be followed when an accused is found insane or otherwise incompetent to stand trial. Under those circumstances the Magistrate is empowered to dismiss the charge and discharge the defendant, but even dismissal of the charge, which was effected by the Justice on September 14, 1962, does not affect the duration of the detention of a patient committed under section 870 when institutional care is required. (See 1941 Atty. Glen. 335.) Here the order by its terms and in compliance with section 660 of the code was effective for 60 days and did not expire until October 7, 1962. Claimant’s hospital record contains a petition, dated September 19, 1962, to the County Court for certification of the claimant, pursuant *537 to the provisions of section 74 of the Mental Hygiene Law, all in conformity with the requirements of section 873 of the code. This petition was never acted upon by the County Court and the hospital record contains an appropriate entry that prior to the expiration of the 60-day admission period a habeas corpus proceeding was commenced but not tried. Claimant was discharged on the ground that certification under the Mental Hygiene Law could not be completed prior to October 7, 1962.
The court finds that the hospital authorities were justified in retaining claimant for further treatment subsequent to August 31, 1962 on the basis of well-documented entries of claimant’s active mental illness, which was not controverted by claimant. The abatement of criminal proceedings against the claimant does not in any way diminish or alter that medical determination or support a claim of false imprisonment. (People ex rel. Sapp v. McNeill, 207 Misc. 686.)
The within claim must be and is hereby dismissed.
Motions to dismiss for failure to preponderate on the issue of liability made at the conclusion of claimant’s case and at the end of the entire case, and on which decision was reserved, are now granted.
This constitutes the decision of the court in conformity with the requirements of section 4213 of the Civil Practice Law and Rules.
Let judgment be entered accordingly.